**UNITED STATES of America,**
**Appellee,**

v.

**Dale EYMAN, Defendant–Appellant.**

**Docket No. 99–1173.**

United States Court of Appeals,
Second Circuit.

Argued: Dec. 9, 2002.

Decided: Dec. 18, 2002.

Richard B. Lind, New York, NY, for Defendant–Appellant.

William F. Johnson, Assistant United States Attorney (Gary Stein, Assistant United States Attorney, of counsel, and James B. Comey, United States Attorney for the Southern District of New York, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

Before: OAKES, CABRANES and KATZMANN, Circuit Judges.

PER CURIAM:

Defendant–Appellant Dale Eyman appeals from a judgment of conviction in the United States District Court for the Southern District of New York (Harold Baer, Jr., *Judge*) entered on April 14, 1999. After a one-week jury trial, Eyman was found guilty of: (1) conspiracy to commit securities fraud and commercial bribery, 18 U.S.C. § 371; (2) two counts of wire fraud, 18 U.S.C. §§ 1343, 1346; and (3) interstate travel for the purpose of engaging in commercial bribery, 18 U.S.C. § 1952(a)(3). Eyman was sentenced primarily to 70 months' imprisonment. On appeal, Eyman argues (1) that the trial court erred by refusing to grant a mistrial or a new trial based on ineffective assistance of counsel, and (2) that he should be resentenced because the District Court's factual findings at sentencing were inadequate.

## I. Ineffective Assistance of Counsel

Eyman contends that his trial counsel, Allen Bickart, did not render effective assistance of counsel because Bickart was both ill with "a viral infection and an acute rhinitis," and physically exhausted from a busy work schedule both before and during trial. Prior to closing arguments, Bic-

kart himself approached the bench and sought a mistrial on account of his illness; he also made a motion for a new trial several months after the conviction. The District Court rejected both motions. *See United States v. Eyman,* No. S1 97 Cr. 314(HB), 1998 WL 599709 (S.D.N.Y. Sept. 10, 1998).

■ Under the prevailing standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in order to demonstrate ineffective assistance of counsel, Eyman must show (1) "that counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms," *id.* at 688, and (2) that he was prejudiced by his attorney's errors, i.e. that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 693–94. This standard applies to claims based on the illness or incapacity of counsel during trial, as well as more traditional ineffective assistance claims. *See Bellamy v. Cogdell,* 974 F.2d 302, 308 (2d Cir.1992) (*en banc* ); *see also Johnson v. Norris,* 207 F.3d 515, 518 (8th Cir.2000). In order to assert a claim based on ineffective assistance due to illness, a defendant must point to *specific* errors or omissions in his courtroom behavior and conduct at trial that were a product of the attorney's illness. *See, e.g., Johnson,* 207 F.3d at 518; *Smith v. Ylst,* 826 F.2d 872, 876 (9th Cir.1987). It is the magnitude of those errors that is determinative; trial counsel's admission that his performance was deficient is not dispositive. *See Chandler v. United States,* 218 F.3d 1305, 1316 n. 16 (11th Cir.2000) (*en banc* ), *cert. denied,* 531 U.S. 1204, 121 S.Ct. 1217, 149 L.Ed.2d 129 (2001); *Tarver v. Hopper,* 169 F.3d 710, 716 (11th Cir. 1999); *Atkins v. Singletary,* 965 F.2d 952, 959–60 (11th Cir.1992).

■ First, Eyman claims that his attorney's illness "caused him to fail to provide notice of an expert witness, Burton Bentley, Esq., pursuant to Fed.R.Crim.P. 16(b)(1)(C), which led to the witness's exclusion by Judge Baer." Def.'s Br. at 14. However, it seems that Bickart's decision not to call Bentley as an expert witness—and therefore not to give the required notice under Rule 16(b)—was a strategic decision, rather than an oversight caused by counsel's illness. At trial, defense counsel stated that Bentley was "not testifying as an expert," but would instead be providing lay witness opinion testimony. Tr. at 674. When pressed, he stated that "there are valid reasons" why he did not provide Rule 16(b) notice. Tr. at 682. Eyman himself speculates that trial counsel's failure to give notice may have been "a form of 'sharp' practice (in which he sought to introduce by stealth Bentley's testimony without providing the Government with advance notice)." Def.'s Br. at 22. There is no reason to think that illness or fatigue played a part in the decision, in light of the fact that notice of the expert testimony was requested by the government weeks before the trial began, and that counsel became ill only shortly before trial. Whatever trial counsel's motives may have been, his decision to proceed in that manner was a strategic trial decision and not an oversight caused by fatigue or illness. A failure to call a witness for tactical reasons of trial strategy does not satisfy the standard for ineffective assistance of counsel. *See United States v. Luciano,* 158 F.3d 655, 660 (2d Cir.1998); *United States v. Schmidt,* 105 F.3d 82, 90 (2d Cir.1997). Similarly, defense counsel's failure in this case, for tactical reasons, to designate Bentley as an expert did not constitute ineffective assistance.

Second, Eyman claims in his brief that his attorney "failed to argue a specific 'good faith' instruction during his summation." Def's Br. at 14. However, defendant abandoned this claim at oral argument, and therefore we need not address its merits.

Because Eyman's counsel acted within the bounds of professional reasonableness, it is unnecessary to examine whether his counsel's purported errors were prejudicial. The District Court did not err in denying defendant's motions for a mistrial and for a new trial on account of ineffective assistance of counsel.

## II.  Insufficient Factual Basis for Sentence

Eyman also claims that the District Court failed to make adequate factual findings to support two specific sentencing enhancements that it imposed under the Guidelines.

■ ▪ First, Eyman argues that the Court did not make adequate findings to sustain a 13–point sentencing enhancement under U.S.S.G. § 2F1.1(b)(1)(N) (1997)[1] (current version at U.S.S.G. § 2B1.1(b)(1) (2001)) that the Court imposed for defendant's causing financial loss between $2.5 million and $5 million. The Court held three different sentencing hearings in an attempt to determine the proper method of calculating loss. At those hearings, the government urged that losses resulting from Eyman's criminal activity be calculated under a "market loss" theory that measured the decline in the market value of the relevant stock as a result of defendant's illegal bribes. The defense argued that the value of the stock should be based on its intrinsic value, as reflected in the assets and liabilities of the company, rather than the market price.

At Eyman's final sentencing hearing on March 15, 1999, Judge Baer stated, "I have a March 8th letter from the government, putting to rest the last [of my concerns], the intrinsic value argument." Tr. of 3/15/99 at 2. He later stated, "[T]he government has made it abundantly clear that [its recommended sentencing enhancement] is a fair and reasonable fraud enhancement, and thus the 13 additional levels are in fact agreed to by the Court." *Id.* at 25. When asked whether the Court's loss calculation was "based on the decline in value in the stock prices set forth in the various submissions by the government," Judge Baer responded affirmatively. *Id.* at 33.

By expressly adopting the position set forth by the government over three sentencing hearings, the Court satisfied its obligation to make factual findings. *See, e.g., United States v. Gutierrez–Hernandez,* 94 F.3d 582, 584–85 (9th Cir.1996) (holding that findings were sufficient where the district court's comments established that it had adopted the government's position with respect to a guidelines issue); *United States v. Thomas,* 969 F.2d 352, 355 (7th Cir.1992) (same); *United States v. Peters,* 962 F.2d 1410, 1415 (9th Cir.1992) (same). Furthermore, the Court noted at sentencing that, although it had "tried mightily," it could not come up with a number, even under the defendant's intrinsic-value theory, that was less than the $2.5 million threshold. Tr. of 3/15/99 at 33. Thus, regardless of what valuation method the court used, a 13–point sentencing enhancement would have been required.

■ Eyman also claims that the Court did not make adequate factual find-

---

1. U.S.S.G. § 2F1.1(b)(1)(N) states as follows: "If the loss exceeded $2,000, increase the offense level as follows: ... More than $2,500,000 ... add 13."

ings to support the imposition of a four-point sentencing enhancement under U.S.S.G. § 3B1.1(a), which provides for an enhancement where a defendant is the "organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). In order to apply that enhancement, a sentencing court must make two specific factual findings: "(i) that the defendant was 'an organizer or leader,' and (ii) that the criminal activity either 'involved five or more participants' or 'was otherwise extensive.'" *United States v. Patasnik*, 89 F.3d 63, 68 (2d Cir.1996) (citation omitted). In this case, the Presentence Investigation Report ("PSR") prepared by the United States Probation Office included a finding that Eyman was the leader of a fraudulent scheme and that more than five participants were involved. In its written judgment, the Court explicitly "adopt[ed] the factual findings and guideline application in the presentence report," with the exception of the separate abuse-of-trust enhancement. A district court satisfies its obligation to make the requisite factual findings when it indicates in its written judgment that it is adopting the findings set forth in the PSR. *See United States v. Zichettello*, 208 F.3d 72, 107 (2d Cir.2000); *United States v. Martin*, 157 F.3d 46, 50 (2d Cir.1998); *United States v. Escotto*, 121 F.3d 81, 85–86 (2d Cir.1997); *United States v. Desimone*, 119 F.3d 217, 228–29 (2d Cir.1997); *United States v. Prince*, 110 F.3d 921, 924 (2d Cir.1997).

Because the District Court made the necessary factual findings with respect to both the 13–point sentencing enhancement for causing economic loss of between $2.5 and $5 million and the four-point enhancement for having exercised a leadership role in criminal activity, it did not err in the imposition of Eyman's sentence.

\*     \*     \*     \*     \*     \*

We have reviewed all of the defendant's arguments and find them to be without merit. For the reasons set forth above, the judgment of the District Court is affirmed.