**UNITED STATES of America,**
**Appellee,**

v.

**Fousseyini DOUMBIA, also known as "Omar Bongo", also known as Moussa Sylla, Defendant–Appellant,**

**Moustaphe BALLO, also known as Moustapha Ballo; Kesha Lawson; Shawn Jones, Defendants.**

**Docket No. 02–1003.**

United States Court of Appeals, Second Circuit.

May 12, 2003.

Andrew D. Greene, Andrew D. Greene, PC, Lake Success, NY, for Appellant.

Neil M. Barofsky, Assistant United States Attorney (Gary Stein, Assistant United States Attorney; James B. Comey, United States Attorney), United States Attorney's Office for the Southern District of New York, NY, for Appellee, of counsel.

Present: OAKES, LEVAL and CABRANES, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is hereby **AFFIRMED.**

Defendant-appellant Fousseyini Doumbia appeals from a judgment of conviction entered December 26, 2001 by the District Court after defendant pleaded guilty, sentencing him principally to seventy months of imprisonment for conspiracy to commit bank fraud in violation of 18 U.S.C. § 371, and for substantive bank fraud offenses in violation of 18 U.S.C. § 1344. Defendant admitted during his plea allocution that he was involved in a scheme to steal the identity of Marc Segalman and to steal more than three hundred thousand dollars from Segalman's Citibank bank account. The District Court found that Doumbia played a key role in the conspiracy and, both directly and through others, recruited co-conspirators into the scheme and offered them money either to open new bank accounts or to use existing bank accounts for Doumbia to deposit stolen, fraudulent Citibank checks from Segalman's account, for eventual withdrawal of the money. The Court granted the government's requests for two upward departures: (1) a four-level enhancement to Doumbia's sentencing range under the United States Sentencing Guidelines (the "Guidelines") based on the recommendation of defendant's presentence investigative report ("PSR") because defendant was an organizer of a scheme that involved five or more participants and was otherwise extensive pursuant to U.S.S.G. § 3B1.1(a); (2) a two-level upward departure pursuant to Application Note 16 to U.S.S.G. § 2F1.1, because of the substantial harm to Segalman. The Court held that "the government has established by a preponderance of the evidence that the defendant is the organizer or head of this conspiracy."

On appeal, defendant challenges the District Court's application of a four-level enhancement for defendant's key role and argues that he was not a leader or organizer of this conspiracy, but rather, that he was following the directions of an individual identified by defendant as Mr. Baffo, who was not charged in connection with this case. Defendant also argues that the District Court committed clear error when it found that the government had proven by a preponderance of the evidence that defendant was a leader or organizer. Instead, defendant argues that the government had to prove his leadership role beyond a reasonable doubt. Defendant argues that pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), the government was required to prove beyond a reasonable doubt that he was guilty of every element of the crimes charged–including factual findings that effected the determination of defendant's sentencing range under the Guidelines (*e.g.*, the Court's finding that defendant was a leader or organizer of the conspiracy).

This timely appeal followed.

### A.

Defendant argues that the four-level enhancement for his role in the conspiracy was improper. *See* U.S.S.G. § 3B1.1(a).[1] "The sentencing court's findings as to the defendant's role in the offense will be overturned only if they are clearly erroneous." *United States v. Farah*, 991 F.2d 1065, 1068 (2d Cir.1993). Contrary to defendant's contention, he is subject to the enhancement even if he managed only one other participant, not five. *See* U.S.S.G. § 3B1.1, Application Note 2 ("To qualify for an adjustment under this section, the defendant must have been the organizer [or] leader . . . of one or more other participants"); *United States v. Payne*, 63 F.3d 1200, 1212 (2d Cir.1995). As to defendant, the District Court adopted the factual findings of the PSR, which provided an ample basis to support the enhancements. *See, e.g., United States v. Zichettello*, 208 F.3d 72, 107 (2d Cir.2000); *United States v. Escotto*, 121 F.3d 81, 85–86 (2d Cir.1997).

■ At sentencing the District Court is entitled to rely on evidence which would otherwise be inadmissible. *See, e.g., United States v. Reese*, 33 F.3d 166, 174 (2d Cir.1994) ("[W]hen determining sentence, a sentencing court is free to consider hearsay evidence, evidence of uncharged crimes, dropped counts of an indictment and criminal activity resulting in acquittal."). Determinations of disputed facts, including unconvicted conduct, relevant to sentencing under the Guidelines, need be established only by a preponderance of the evidence. *See, e.g., United States v. Cusimano*, 123 F.3d 83, 90 (2d Cir.1997) (citation and internal quotation marks omitted). Defendant's argument that *Apprendi* applies is without merit. *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We have held that where a sentence does not exceed the statutory maximum, *Apprendi* does not apply, *see United States v. Garcia*, 240 F.3d 180, 183–84 (2d Cir.2001); here defendant's sentence was below the statutory maximum, even with the sentence enhancement, and therefore, *Apprendi* does not apply. *See also Harris v. United States*, 536 U.S. 545, 556 & 560, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) (holding that factors extending the mandatory minimum penalty are sentencing considerations properly left to the court alone to decide).

■ Defendant challenges the adequacy of the Court's factual findings to support the imposition of a four-point sentencing enhancement under U.S.S.G. § 3B1.1(a). A district court satisfies its obligation to make the requisite factual findings when it indicates in its written judgment that it is adopting the findings set forth in the PSR. *See Zichettello*, 208 F.3d at 107; *United States v. Martin*, 157 F.3d 46, 50 (2d Cir. 1998). The Court may also satisfy its obligation to make factual findings that support the sentence enhancement pursuant to the Guidelines by expressly adopting the position set forth by the government during a sentencing hearing. *See United States v. Eyman*, 313 F.3d 741, 744 (2d Cir.2002) (per curiam).

The District Court explicitly relied on the PSR *and* the government's position during the sentencing hearing for its factual findings that defendant was a leader or organizer of a conspiracy to defraud that involved five or more participants. During defendant's plea allocution, he admitted that more than five people were involved

---

**1.** The pertinent provision reads as follows:

Based on the defendant's role in the offense, increase the offense level as follows:

(a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.

in the conspiracy and that it spanned two to three months, and he also outlined his own involvement. Defendant admitted that he identified people who were willing to permit deposits of the fraudulent checks into their bank accounts, and his co-defendants' uncontroverted testimony established that defendant controlled the ATM cards for several of the accounts he induced the co-defendants to open. The government stated during the plea allocution that defendant was believed to be "at the very top of this conspiracy, that he is the individual who recruited the other co-conspirators whose bank accounts were used. He is the individual who placed the order for the electronics equipment which he posed as the account holder, and he ... was the person who organized [ ] and ran [the conspiracy]." App. 51.

During sentencing, the District Court asked counsel what factual disputes remained and was told by the prosecutor that none existed. The Court then asked whether a *Fatico* hearing was needed, and the prosecutor said no. *See United States v. Fatico,* 579 F.2d 707, 713 n. 14 (2d Cir.1978). Counsel for defendant did not contest either of these representations by the prosecutor. The District Court's agreement with the representations of the government that defendant was the leader or organizer of the conspiracy was based on defendant's plea allocution, trial testimony from co-defendants Kesha Lawson and Shawn Jones, and the plea allocutions of Moustaphe Ballo and Edison Seabrook. The District Court determined that defendant recruited other individuals into the scheme; that he supervised them; that they complied with his directions; that he exercised control over them; and that he expected to receive the majority of the proceeds from the fraud. The District Court did not credit defendant's argument that another individual was actually the leader or organizer. Indeed, the Court rejected defendant's arguments to the contrary and held that "all the evidence that is known and established is reasonably consistent with [defendant's] being the organizer of this conspiracy and that the evidence that someone else was is both doubtful on its face, improbable ..., and ... uncorroborated. So I think the government has established by a preponderance of the evidence that defendant is the organizer or head of this conspiracy, and I will add 4 points." App. at 87.

The District Court finding, by a preponderance of the evidence, that defendant was a leader was not clearly erroneous and its application of the four-level enhancement conformed to the requirements of U.S.S.G. § 3B1.1(a). *See Zichettello,* 208 F.3d at 107; U.S.S.G. § 3B1.1, cmt. (n.2). The Court held that defendant managed the activities of more than one other participant, and that more than five other co-defendants participated in the conspiracy. In reviewing the findings of the District Court with regard to the imposition of the four-level enhancement pursuant to U.S.S.G. § 3B1.1(a), we find no error, much less clear error.

Substantially for the reasons stated by the District Court, in open court, we hereby **AFFIRM** the judgment of the District Court.