James MILLER (99–A–
6499), Petitioner,

v.

State of NEW YORK, Respondent.

Nos. 02–CV–1175 (JBW), 03–
MISC–0066 (JBW).

United States District Court,
E.D. New York.

June 11, 2003.

James Miller, Midstate Correctional Facility, Marcy, NY, pro se.

Robin A. Forshaw, NYS Atty. General Office, New York City, for Defendant.

### JUDGMENT & ORDER

WEINSTEIN, Senior District Judge.

The petition for a writ of habeas corpus is denied. No hearing on this matter is necessary. This memorandum briefly addresses petitioner's claims.

Petitioner was arrested in 1998 for a 1995 burglary after a fingerprint found inside the burglarized house was found to match his print. In the midst of his trial for burglary, petitioner entered a guilty plea to second degree burglary in satisfaction of the charges against him in the indictment.

As part of his plea allocution, he stated that no one was forcing him or coercing him to enter plea, and he was advised of the rights he was waiving, including his right to appeal the conviction and sentence. The trial court fully advised petitioner of the effects of his decision to plead guilty:

> THE COURT: And when you plead guilty you give up your right to remain silent; your right to a trial where the People would have to prove you guilty beyond a reasonable doubt. You could present a defense at a trial; call witnesses; have your lawyer cross-examine the prosecution witnesses. You could testify at the trial, and if you did not, there would be no negative inferences against you. By pleading guilty you are surrendering these rights. Is that what you wish to do?
>
> THE DEFENDANT: Yes, your Honor.
>
> . . . .
>
> THE COURT: You are also going to be signing waiver of the right to appeal. At this point the case is now over with[,] the same as if you were convicted after trial. You are going to be sentenced. That's the end of the matter. Once you are sentenced, you can not appeal. You can't challenge any ruling in the case up to this point. You can't get this plea back and say you were confused; you didn't commit the crime; the lawyer didn't show you enough of the paperwork; you were threatened with what would happen if you had went through to a jury verdict; you were under pressure; under medication; your mind wasn't clear or any other excuse. You are not going to get this plea back. This case is over with. Once you are sentenced, you can't appeal. Do you understand that?
>
> THE DEFENDANT: Yes, your Honor.

Trial Tr. at 3–4.

Petitioner, as per the plea agreement, was sentenced to 7–1/2 years in prison.

Notwithstanding his waiver of the right to appeal, he brought a direct appeal before the Appellate Division, seeking a reduction in his sentence. The Appellate Division affirmed the sentence, holding that petitioner had validly waived his right to appeal it. Leave to appeal to the New York Court of Appeals was denied.

Petitioner brought a motion to vacate his judgment of conviction pro se, arguing (1) that he was denied effective assistance of trial counsel when counsel allowed him to plead guilty when insufficient evidence of his guilt had thus far been presented at trial; (2) that the indictment was defective because the evidence before the grand jury was legally insufficient to support the charges; and (c) that there was no probable cause for his arrest. The motion was denied. Petitioner did not seek permission to appeal to the Appellate Division.

Petitioner subsequently brought a second motion to vacate judgment, arguing the same claims that he raises in the instant petition: (1) that he was denied the right to appear before the grand jury; (2) that the information originally filed in the case was jurisdictionally defective and the evidence before the grand jury was legally insufficient; (3) that he was denied the effective assistance of counsel due to counsel's failure to investigate or file pretrial motions and due to his coercion of petitioner to plead guilty; (4) that his plea was coerced by his attorney and the court; and (5) that the prosecution used "false documents" to convict him.

The second motion to vacate judgment was denied by the trial court, which found all of the claims procedurally barred because, *inter alia,* they could have been raised in his first motion to vacate judgment. Petitioner did not seek leave to appeal the denial to the Appellate Division.

## I. AEDPA

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant a writ of habeas corpus to a state prisoner on a claim that was "adjudicated on the merits" in state court only if it concludes that the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

An "adjudication on the merits" is a "substantive, rather than a procedural, resolution of a federal claim." *Sellan v. Kuhlman,* 261 F.3d 303, 313 (2d Cir.2001) (quoting *Aycox v. Lytle,* 196 F.3d 1174, 1178 (10th Cir.1999)). Under the "contrary to" clause, "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (O'Connor, J., concurring and writing for the majority in this part). Under the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413, 120 S.Ct. 1495. "[F]ederal law, as determined by the Supreme Court, may as much be a generalized standard that must be followed, as a bright-line rule designed to effectuate such a standard in a particular context." *Overton v. Newton,* 295 F.3d 270, 278 (2d Cir.2002). Determination of factual issues made by a state court "shall be presumed to be correct," and the applicant "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## II. Exhaustion

A state prisoner's federal habeas petition must be dismissed if the prisoner

has not exhausted available state remedies as to any of his federal claims. *See Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). "This exhaustion requirement is ... grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." *Coleman v. Thompson,* 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). The exhaustion requirement requires the petitioner to have presented to the state court "both the factual and legal premises of the claim he asserts in federal court." *Daye v. Attorney General,* 696 F.2d 186, 191 (2d Cir.1982) (en banc).

A district court may, in its discretion, *deny* on the merits habeas petitions containing unexhausted claims—so-called "mixed petitions." *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state."). In addition, the state may waive the exhaustion requirement, but a "State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." *Id.* § 2254(b)(3); *see also Ramos v. Keane,* No. 98 CIV. 1604, 2000 WL 12142, at *4, 2000 U.S. Dist. LEXIS 101, at *10 (S.D.N.Y.2000) (state's failure to raise exhaustion requirement does not waive the issue).

### III. Procedural Bar

A federal habeas court may not review a state prisoner's federal claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule, "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750, 111 S.Ct. 2546.

If a state court holding contains a plain statement that a claim is procedurally barred then the federal habeas court may not review it, even if the state court also rejected the claim on the merits in the alternative. *See Harris v. Reed,* 489 U.S. 255, 264 n. 10, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) ("a state court need not fear reaching the merits of a federal claim in an *alternative* holding" so long as it explicitly invokes a state procedural rule as a separate basis for its decision).

### IV. Ineffective Assistance of Counsel

The Counsel Clause of the Sixth Amendment provides that a criminal defendant "shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to counsel is "the right to *effective* assistance of counsel." *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) (emphasis added). The Supreme Court has explained that in giving meaning to this requirement we must be guided by its purpose—"to ensure a fair trial"—and that therefore the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to prevail on a Sixth Amendment claim, a petitioner must prove both that counsel's representation "fell below an objective standard of reasonableness" measured under "prevailing professional norms," *id.* at 688, 104 S.Ct. 2052, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the re-

sult of the proceeding would have been different," *id.* at 694, 104 S.Ct. 2052. *See also United States v. Eyman,* 313 F.3d 741, 743 (2d Cir.2002). A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

 The performance and prejudice prongs of *Strickland* may be addressed in either order, and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." *Id.* at 697, 104 S.Ct. 2052. In evaluating the prejudice suffered by a petitioner as a result of counsel's deficient performance, the court looks to the "cumulative weight of error" in order to determine whether the prejudice "reache[s] the constitutional threshold." *Lindstadt v. Keane,* 239 F.3d 191, 202 (2d Cir.2001). The court must also keep in mind that "a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Strickland,* 466 U.S. at 696, 104 S.Ct. 2052. "The result of a [criminal] proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome." *Purdy v. Zeldes,* 337 F.3d 253, 260, 2003 WL 253144, *6 (2d Cir.2003) (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052). Ineffective assistance may be demonstrated where counsel performs competently in some respects but not in others. *See Eze v. Senkowski,* 321 F.3d 110, 112 (2d Cir. 2003).

There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052.

This opinion complies with *Miranda v. Bennett,* 322 F.3d 171, 175–77 (2d Cir.

2003), and Rule 52 of the Federal Rules of Civil Procedure. No other issue open to consideration by this court has merit. *See Sumner v. Mata,* 449 U.S. 539, 548, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981) ("a court need not elaborate or give reasons for rejecting claims which it regards as frivolous or totally without merit").

## V. Claims

 Petitioner has not exhausted any of the claims he makes in the instant petition. Though each claim was presented in his second motion to vacate judgment before the trial court, he did not seek to appeal their denial before the Appellate Division. Because the thirty-day time period in which to file an appeal of the trial court's decision has long passed, petitioner is now procedurally barred from having these claims heard. The claims are barred by another reason too: Each of the claims raised in the instant petition was procedurally defaulted in state court because the claims were not presented in petitioner's first motion to vacate judgment. Petitioner has urged no cause for his defaults, and he cannot plausibly claim to be actually innocent of his crime of conviction. None of petitioner's claims may be entertained in this habeas petition.

 At any rate, there appears to be no merit to any of the claims. Petitioner's complaints that he was denied his right to appear before the grand jury, that the information filed against him was defective, and that the evidence before the grand jury was legally defective are all—to the degree they are even cognizable as habeas claims—mooted by his plea of guilt. *See Lopez v. Riley,* 865 F.2d 30, 32–33 (2d Cir.1989) (deficiencies in state grand jury proceedings are not cognizable in a habeas corpus proceeding because they have been rendered harmless by conviction at trial). Petitioner's conclusory claim that counsel

was ineffective because he failed to investigate or file pretrial motions could not merit granting of the writ because petitioner has failed to suggest any way in which further investigation or motion practice would have provided any benefit to petitioner's defense. Petitioner provides no evidence that he was coerced by counsel or by the court to plead guilty; to the contrary, he swore before the trial court that he had not been coerced. Finally he does not identify the "false evidence" putatively utilized by the prosecution to convict him.

This opinion complies with *Miranda v. Bennett,* 322 F.3d 171, 175–77 (2d Cir. 2003), and Rule 52 of the Federal Rules of Civil Procedure. No other issue open to consideration by this court has merit.

VI. Conclusion

The petition for a writ of habeas corpus is denied.

No certificate of appealability is granted with respect to any of petitioner's claims, petitioner having made no substantial showing of the denial of a constitutional right. Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 2253; *Miller–El v. Cockrell,* 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

SO ORDERED.