Joseph GWATHNEY (99–R–0549), a/k/a Dawson Coleman, Petitioner,

v.

John H. SABOURIN, Superintendent of Barehill Correctional Facility, Respondent.

Nos. 00–CV–6532 (JBW), 03–MISC–0066 (JBW).

United States District Court, E.D. New York.

June 16, 2003.

Joseph Gwathney, Brooklyn, NY, for Petitioner.

Daniela Conti Maiorana, Kings County District Attorney's Office, Brooklyn, NY, for Respondent.

## MEMORANDUM, ORDER & JUDGMENT

WEINSTEIN, Senior District Judge.

Petitioner was granted a hearing in this court. He was present by telephone.

The petition for a writ of habeas corpus is denied for the reasons stated orally on the record. This memorandum briefly addresses petitioner's claim.

Petitioner was arrested, in brief, for stripping two automobiles in separate incidents. Indictments in the two incidents were consolidated and petitioner was tried on numerous counts, including grand larceny, auto stripping and possession of burglar's tools. At the end of the state's case, petitioner's counsel moved for dismissal of the grand larceny counts and of the auto stripping count relating to one of the incidents. The motion was granted in part, with the trial court dismissing the grand larceny counts. Petitioner's first trial was declared a mistrial after a juror, during deliberations, informed the judge that he had witnessed petitioner stripping a car.

On retrial, petitioner was convicted of third degree criminal possession of stolen property, second degree unauthorized use of a vehicle, third degree auto stripping, and two counts of criminal possession of burglar's tools. He was sentenced, as a predicate felon, to 3 to 6 years in prison. His convictions were affirmed on appeal. Petitioner is now on parole.

He claims that his right "to trial upon a valid indictment" was denied by the trial court's dismissal of the grand larceny charges, and that his lawyer was ineffective for acquiescing in the dismissal of those counts and for not adequately arguing to the court that the entire indictment should be dismissed.

## I. AEDPA

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant a writ of habeas corpus to a state prisoner on a claim that was "adjudicated on the merits" in state court only if it concludes that the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

 An "adjudication on the merits" is a "substantive, rather than a procedural, resolution of a federal claim." *Sellan v. Kuhlman,* 261 F.3d 303, 313 (2d Cir.2001)

(quoting *Aycox v. Lytle,* 196 F.3d 1174, 1178 (10th Cir.1999)). Under the "contrary to" clause, "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (O'Connor, J., concurring and writing for the majority in this part). Under the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413, 120 S.Ct. 1495. "[F]ederal law, as determined by the Supreme Court, may as much be a generalized standard that must be followed, as a bright-line rule designed to effectuate such a standard in a particular context." *Overton v. Newton,* 295 F.3d 270, 278 (2d Cir.2002).

## II. Ineffective Assistance of Counsel

The Counsel Clause of the Sixth Amendment provides that a criminal defendant "shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to counsel is "the right to *effective* assistance of counsel." *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) (emphasis added). The Supreme Court has explained that in giving meaning to this requirement we must be guided by its purpose—"to ensure a fair trial"—and that therefore the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668,

686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to prevail on a Sixth Amendment claim, a petitioner must prove both that counsel's representation "fell below an objective standard of reasonableness" measured under "prevailing professional norms," *id.* at 688, 104 S.Ct. 2052, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, 104 S.Ct. 2052. *See also United States v. Eyman,* 313 F.3d 741, 743 (2d Cir.2002). A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

The performance and prejudice prongs of *Strickland* may be addressed in either order, and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." *Id.* at 697, 104 S.Ct. 2052. In evaluating the prejudice suffered by a petitioner as a result of counsel's deficient performance, the court looks to the "cumulative weight of error" in order to determine whether the prejudice "reache[s] the constitutional threshold." *Lindstadt v. Keane,* 239 F.3d 191, 202 (2d Cir.2001). A court must also keep in mind that "a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Strickland,* 466 U.S. at 696, 104 S.Ct. 2052. "The result of a [criminal] proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome." *Purdy v. Zeldes,* 337 F.3d 253, ——, 2003 WL 253144, *6 (2d Cir. 2003) (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052). The level of assistance may be demonstrated where counsel performs competently in some respects but

not in others. *See Eze v. Senkowski,* 321 F.3d 110, 112 (2d Cir.2003).

There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052.

### III. Claims

■ The trial court found no merit to petitioner's claim that dismissal of the grand larceny counts was an unconstitutional amendment of the indictments. Even if indictment by a state grand jury were a constitutional right that could be protected by a federal habeas corpus court, dropping a charge from an indictment implicates no constitutional right. *See United States v. Miller,* 471 U.S. 130, 145, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985) ("where an indictment charges several offenses, or the commission of one offense in several ways, the withdrawal from the jury's consideration of one offense or one alleged method of committing it does not constitute a forbidden amendment of the indictment").

Counsel was not ineffective for "acquiescing" in the dismissal of the grand larceny counts. This act only redounded to petitioner's benefit.

Counsel was also not ineffective for failing to argue more convincingly that the entirety of the indictments be dismissed for lack of evidence. There was more than sufficient evidence to sustain the verdict. The relevant question for this court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Petitioner "bears a very heavy burden" when challenging the legal sufficiency of the evidence in a state

criminal conviction. *Einaugler v. Supreme Court,* 109 F.3d 836, 840 (2d Cir. 1997).

■ There was testimony at trial that petitioner was seen by a police officer removing the door of a vehicle that had been reported stolen the previous day, and that when apprehended petitioner had burglary tools in his possession. Similarly, there was testimony about another incident in which petitioner was observed by another police officer while petitioner was leaning into the engine area of another car that had been stolen the previous day.

■ At the hearing in this court the petitioner was permitted to amend his petition to claim that he wanted to substitute new counsel at his own expense, but that the trial court refused to allow this. This issue was raised on direct appeal and rejected by the Appellate Division. There is no merit to this claim. The trial court had ample reason not to permit the delay in the trial. The trial court had jurisdiction based on the amended Grand Jury indictments. Consolidation of related cases was within the trial court's discretion. The crimes were almost identical. In separate trials, it would have been proper to introduce evidence of each crime. There was more than ample evidence. Trial counsel acted effectively.

There is no merit to petitioner's claim that counsel was ineffective for failing to move to dismiss more counts from the indictment.

### IV. Conclusion

No certificate of appealability is granted with respect to any of petitioner's claims, petitioner having made no substantial showing of the denial of a constitutional right. Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. *See* 28

U.S.C. § 2253; *Miller–El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

SO ORDERED.