**UNITED STATES of America,**
**Appellee,**

v.

**Victor MARTINEZ, Defendant–**
**Appellant.**

**No. 05–1575–CR.**

United States Court of Appeals,
Second Circuit.

May 16, 2006.

David S. Hammer, New York, NY, for Appellant.

Marc P. Berger, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief, Cathy Seibel, Deputy United States Attorney, of counsel), New York, NY, for Appellee.

PRESENT: SONIA SOTOMAYOR, RICHARD C. WESLEY, and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Victor Martinez appeals from a judgment of conviction and sentence entered on March 2, 2005, after a

guilty plea sentencing him principally to 135 months' imprisonment, five years' supervised release, and a mandatory $100 special assessment for participating in a conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846. We assume the parties' familiarity with the facts in this case, the relevant procedural history, and the issues on appeal.

Martinez argues that the sentence imposed by the district court was unreasonable for two reasons. First, Martinez contends that the district court committed plain error when it failed to render particularized factual findings as to the "relevant conduct" for which he was responsible. This argument is waived. Martinez was clearly aware of the "relevant conduct" identified in his presentence report ("PSR") prior to his sentencing. At Martinez's *Fatico* hearing, the district judge stated that he was prepared to sentence the defendant according to the PSR's recommendations absent any mitigating circumstances, and on two separate occasions—at the *Fatico* hearing and at sentencing—the district judge discussed the base offense levels and level reductions stated in the PSR. Martinez's attorney confirmed at the time of sentencing that he had reviewed the PSR with his client. Martinez thus had ample opportunity to object to the PSR's factual findings prior to or at the time of sentencing, and he may not object for the first time on appeal. *See United States v. Rizzo*, 349 F.3d 94, 99 (2d Cir.2003) ("[I]f a defendant fails to challenge factual matters contained in the presentence report at the time of sentencing, the defendant waives the right to contest them on appeal."). In addition, the district court expressly adopted the PSR in its judgment, which is sufficient to satisfy its fact-finding obligations. *See United States v. Eyman*, 313 F.3d 741, 745 (2d Cir.2002) ("A district court satisfies its

obligation to make the requisite factual findings when it indicates in its written judgment that it is adopting the findings set forth in the PSR.").

Second, Martinez asserts that the sentence imposed by the district court was unreasonable under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and 18 U.S.C. § 3553(a), because the court used the same base offense level to calculate his sentence that it used to calculate the sentence of the organization's "king-pin." This contention rests on the premise that Martinez was a "minor player" in the organization—a premise explicitly rejected by the district court in light of the large quantity of drugs involved in the transactions entrusted to Martinez. Moreover, although Martinez's sentence was calculated using the same base offense level that was used to calculate the sentence of the alleged "king-pin," Martinez ultimately received a much lower sentence than that given to the head of the organization. Martinez further argues that the district court failed to consider his positive "history and characteristics" under 18 U.S.C. § 3553(a)(1). The district judge, however, explicitly noted that he had considered the § 3553(a) factors—including the fact that Martinez was a professional dentist with a loving family—in calculating his sentence. Finally, Martinez contends that his sentence is unreasonable because it is longer than necessary to achieve the goals of a rational sentencing regime. Although Martinez may dispute the rationality of the current sentencing regime, we have "recognize[d] that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006). Such is the case here, where the district court gave Martinez a sentence at the low end of the Guidelines range, even after finding that

the defendant played a significant role in transactions involving large quantities of drugs.

When reviewing a sentence for reasonableness, we consider not only the sentence itself, but also the procedure employed in arriving at the sentence. *See id.* at 26–27. In this case, the district court explicitly recognized that the Guidelines were advisory, determined what the appropriate range was and considered that range when sentencing, and considered the effect of the § 3553(a) factors on Martinez's sentence. Under these circumstances, we find that Martinez's sentence was both substantively and procedurally reasonable.

For the foregoing reasons, the judgement of the district court is AFFIRMED.