### Patrick H. BARCLAY, Petitioner–Appellant,

v.

### Eliot SPITZER, Respondent–Appellee.

### No. 05–3706–PR.

United States Court of Appeals, Second Circuit.

May 19, 2006.

Mark S. Demarco, Bronx, NY, for Petitioner–Appellant.

Jane S. Meyers, Assistant District Attorney, for Charles J. Hynes, District Attorney, Kings County, Brooklyn, NY, for Respondent–Appellee.

PRESENT: Hon. THOMAS J. MESKILL, Hon. JON O. NEWMAN, and Hon. B.D. PARKER, Circuit Judges.

#### Summary Order

Petitioner-appellant appeals from an order of the Eastern District of New York (Jack B. Weinstein, *Senior District Judge*), denying his habeas corpus petition. The district court granted a certificate of appealability on petitioner's claim of inadequacy of trial counsel. Familiarity with the facts, procedural history and issues on appeal is assumed.

We review the denial of a petition for a writ of habeas corpus *de novo*. *Jenkins v. Artuz*, 294 F.3d 284, 290 (2d Cir.2002); *Leka v. Portuondo*, 257 F.3d 89, 98 (2d Cir.2001).

As this Court noted in *Henry v. Poole*, 409 F.3d 48 (2d Cir.2005), "a petitioner whose claim is that he received ineffective assistance of counsel not only must satisfy the *Strickland [v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)] standard but also must show that the state court's rejection of his claim either was contrary to *Strickland* or was an unreasonable application of *Strickland." Id.* at 67–68. Petitioner contends that the state court's denial of his appeal relied on an "unreasonable application" of *Strickland.* We disagree.

*Strickland* sets forth a two-pronged test for determining whether a defendant's Sixth Amendment right to effective assistance of counsel has been violated. 466 U.S. at 687, 104 S.Ct. 2052; *see also Henry*, 409 F.3d at 62–63. Under *Strickland*, to prevail on a Sixth Amendment claim, a petitioner must prove both (a) "that counsel's representation fell below an objective standard of reasonableness" measured according to "prevailing professional norms," 466 U.S. at 688, 104 S.Ct. 2052, and (b) "that the deficient performance prejudiced the defense," *id.* at 687, 104 S.Ct. 2052, such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *id.* at 694, 104 S.Ct. 2052; *see also Henry*, 409 F.3d at 63; *United States v. Eyman*, 313 F.3d 741, 743 (2d Cir.2002) (per curiam).

The Appellant fails to satisfy the first prong of the *Strickland* test because counsel's decisions with respect to Barclay's treating physician were not unprofessional, but strategic. *Henry*, 409 F.3d at 63. Moreover, the Appellant fails to meet the second prong of the test because the decision not to call the physician has not been shown to result in prejudice. *See id.* (explaining that an " 'error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment' ") (quoting *Strickland*, 466 U.S. at 691, 104 S.Ct. 2052). Given the record, there is no reasonable probability that counsel's failure to call defendant's physician to testify about his physical inabilities, or specifically his ability to commit the alleged attack, affected the outcome of defendant's trial. Consequently, the defendant has failed to satisfy the *Strickland* standard.

For the foregoing reasons, the judgment of the District Court is hereby AF-FIRMED.