**UNITED STATES of America,**
**Appellee,**

v.

**Thomas J. BENDER, also known as "T 4two4u@aol.com," Defendant–Appellant.**

**No. 08–3103–cr.**

United States Court of Appeals, Second Circuit.

Aug. 14, 2009.

Laurie S. Hershey, Manhasset, N.Y., for Appellant.

Allen L. Bode, Assistant United States Attorney (JoAnn M. Navickas, Assistant United States Attorney, on the brief), for Benton J. Campbell, United States Attorney, Eastern District of New York, for Appellee.

PRESENT: GUIDO CALABRESI, B.D. PARKER and REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Thomas J. Bender appeals from the district court's judgment convicting him pursuant to a written plea agreement of child enticement in violation of 18 U.S.C. § 2422(b), and sentencing him to 120 months' imprisonment (an upward departure) and lifetime supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented on appeal.

Bender first contends that his Fifth Amendment privilege against self-incrimination was violated because he was not instructed that the information elicited psychosexual examination would be used to aggravate his sentence. But the district court disclaimed any reliance on these admissions at sentencing. Accordingly, we conclude that whatever Fifth Amendment claims Bender may have had, they did not impugn his sentence.

Bender also argues that his Sixth Amendment right to counsel was violated because his counsel was not notified in advance of the precise date and time of examination and was not present when it occurred. But Bender's counsel was given notice months in advance that the examination had been ordered, did not object to the examination, and was provided with the psychiatrist's contact information such that she could have attained more information about the timing and substance of the interview. We therefore conclude that Bender was not deprived of his right to counsel. *Cf. Estelle v. Smith*, 451 U.S. 454, 470–71 & n. 14, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981) (holding that defendant's Sixth Amendment right to counsel was abridged when defendant was not given prior opportunity to consult with counsel about psychiatric examination).

Finally, Bender contends that his sentence was both procedurally and substantively unreasonable and should be vacated. Our reasonableness review of sentences, both in their procedural and substantive aspects, is akin to review for abuse of discretion. *See United States v. Cavera*, 550 F.3d 180, 187–88 (2d Cir.2008) (en banc).

██ The record reflects that the district court adequately considered the factors of 18 U.S.C. § 3553(a) and calculated the applicable Guidelines range before deciding on a sentence. We conclude that the court minimally "satisfie[d] its obligation to make the requisite factual findings" by indicating "in its written judgment that it [was] adopting the findings set forth in the PSR." *United States v. Eyman*, 313 F.3d 741, 745 (2d Cir.2002). We nevertheless note that the court should have provided a written statement of the specific reasons for its sentence.

██ On a substantive level, the court's decision to upwardly depart from the Guidelines range and to sentence Bender to five additional years of imprisonment above the five-year mandatory minimum was not an abuse of discretion. *See Cavera*, 550 F.3d at 188 (stating that a "sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime"). For these reasons, we affirm the district court's sentence.

We have considered Bender's remaining contentions and find that they are without merit.

For the reasons stated above, the judgment of the district court is **AFFIRMED.**