09-0780-ag
Hase v. Holder

BIA
Harbeck, IJ
A097 851 767
A097 851 768

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand ten.

PRESENT:
            JOSEPH M. McLAUGHLIN,
            ROBERT D. SACK,
            PETER W. HALL,
                        *Circuit Judges*.

——————————————————————————————

ALMA HASE, EDISON CERI,
            *Petitioners*,

            v.                                    09-0780-ag
                                                  NAC

ERIC H. HOLDER JR., U.S. ATTORNEY
GENERAL,
            *Respondent*.

——————————————————————————————

FOR PETITIONERS:        Michael J. Lacey, Grosse Pointe
                        Farms, Michigan.
FOR RESPONDENT:         Tony West, Assistant Attorney
                        General, Jennifer J. Keeney, Senior
                        Litigation Counselor, Nairi M.
                        Simonian, Trial Attorney, Office of

**Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioners Alma Hase and Edison Ceri, natives and citizens of Albania, seek review of the January 30, 2009 order of the BIA affirming the June 21, 2007 decision of Immigration Judge ("IJ") Dorothy Harbeck denying Hase's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and their motion to reopen.[1] *In re Hase*, Nos. A097 851 767/768 (B.I.A. Jan. 30, 2009), *aff'g* Nos. A097 851 767/768 (Immig. Ct. N.Y. City June 21, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

---

[1] Although both Petitioners are named in the instant petition for review, only Alma Hase filed an application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Petitioner Edison Ceri was listed as a derivative applicant. Accordingly, all references to the Petitioner herein are to Alma Hase, because only the events pertaining to her experiences in Albania are relevant to the instant petition.

## I.    Motion to Remand

Because Petitioner filed her motion to reopen during the pendency of her appeal to the BIA, the BIA properly construed the motion as seeking remand to the IJ. *See* 8 C.F.R. § 1003.2(c)(4) (providing that a motion to reopen filed when an appeal is pending before the BIA may be deemed a motion to remand and consolidated by the BIA and considered along with the appeal). The BIA's denial of a motion to remand is held to the same substantive standard as a motion to reopen or reconsider, i.e., abuse of discretion. *Li Yong Cao v. Dep't of Justice*, 421 F.3d 149, 151 (2d Cir. 2005).

In her motion, Petitioner argued that remand was warranted because she received ineffective assistance of counsel. To demonstrate ineffective assistance, an alien must show that competent counsel would have acted otherwise, and that the alien was prejudiced by her counsel's performance. *Romano v. INS*, 399 F.3d 109, 112 (2d Cir. 2005). Here, the BIA determined that Petitioner's motion failed because her attorney's refusal to call a particular expert witness was a tactical decision, and thus insufficient to satisfy this standard. Petitioner argues

that this determination was an abuse of discretion because the expert's testimony was crucial to the success of her application for relief.  This argument is unavailing.

It is well established in the criminal-law context that an attorney's "failure to call a witness for tactical reasons of trial strategy does not satisfy the standard for ineffective assistance of counsel."  *United States v. Ejman*, 313 F.3d 741, 743 (2d Cir. 2002).  We have also held that an attorney's "strategic decisions" in asylum proceedings cannot be the basis for an ineffective assistance claim.  *See Changxu Jiang v. Mukasey*, 522 F.3d 266, 270 (2d Cir. 2008).  Here, we find no error in the agency's conclusion that counsel's tactical decision not to call the witness did not constitute ineffective assistance of counsel.  *See id.*; *Ejman*, 313 F.3d at 743.  Accordingly, the BIA did not abuse its discretion by denying Petitioner's motion.

## II.  Asylum, Withholding of Removal, and CAT Relief

When the BIA does not expressly "adopt" the IJ's decision, but its decision closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness.  *Zaman v. Mukasey*,

4

514 F.3d 233, 237 (2d Cir. 2008).  We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007).  Questions of law and the application of law to undisputed fact are reviewed *de novo*.  *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Petitioner does not argue that the agency erred in finding that she did not establish past persecution.[2]  Where an applicant fails to demonstrate past persecution, she can establish her eligibility for asylum by showing that she subjectively fears persecution and that this fear is objectively reasonable.  *Ramsameachire v. Ashcroft*, 357 F.3d

[2] Even if Petitioner's brief could be construed as disputing the agency's past persecution finding, we find no error in its decision.  While tragic, the death of Petitioner's sister is not persecution Petitioner suffered. *Compare Melger de Torres v. Reno*, 191 F.3d 307, 313 n.2 (2d Cir. 1999)(rejecting petitioner's argument that the murder of her uncle could form the basis for a finding of past persecution where there was no evidence of political motivation for the killing), *with Jorge-Tzoc v. Gonzales*, 435 F.3d 146, 150 (2d Cir. 2006)(finding that, unlike in *Melger de Torres*, the massacre of petitioner's family members by the military when he was a child, in conjunction with substantial evidence the military was targeting ethnic Mayans, could constitute past persecution); *see also Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308 (2d Cir. 2007)("[A]pplicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer.").

169, 178 (2d Cir. 2004).  The agency determined that Petitioner failed to demonstrate an objectively reasonable fear of persecution because: (1) recent U.S. State Department reports indicated that, since the Democratic Party gained control of the Albanian government in 2005, supporters of that party no longer faced persecution; and (2) regardless, Petitioner was not politically active, and the evidence she submitted failed to show that her sister's murder was precipitated by her parents' support for the Democratic Party.

Petitioner does not challenge these findings.  Rather, she argues that the agency erred by failing to consider her particular social group claim.  However, as the BIA found, because Petitioner did not indicate that she was seeking relief on a social group theory in her asylum application, the IJ did not err by declining to address such a claim. Regardless, the agency reasonably found that Petitioner failed to link her sister's murder to her parents' political activities.  *See Melgar de Torres*, 191 F.3d at 313.

Petitioner also argues that the agency erred by relying on State Department reports, which she asserts are unreliable.  We disagree.  Although we have previously

6

warned the agency "not to place excessive reliance on the published reports of the Department of State," such reports are nonetheless "the result of estimable expertise and earnestness of purpose," *Tian-Yong Chen v. INS*, 359 F.3d 121, 130 (2d Cir. 2004), and are clearly probative, *Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006). In this case, the agency found that the State Department reports in the record indicated that Democratic Party supporters are no longer being targeted in Albania. *See Hoxhallari v. Gonzales*, 468 F.3d 179, 187 (2d Cir. 2007). Petitioner fails to present any evidence contradicting these findings. *See Xian Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 171 (2d Cir. 2008).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7