■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN GLASGOW, Appellant. [744 NYS2d 680] —Appeal by the defendant, as limited by his brief, from a sentence of the County Court, Orange County (Pano Z. Patsalos, J.), imposed November 23, 1998, upon his conviction of burglary in the first degree, upon a plea of guilty.

Ordered that the sentence is affirmed.

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80). Ritter, J.P., Florio, Goldstein and Cozier, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM JACOB HUST, Appellant. [744 NYS2d 680] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered February 10, 2000, convicting him of aggravated sexual abuse in the second degree, assault in the second degree, and endangering the welfare of a child, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80). Florio, J.P., Smith, Friedmann and H. Miller, JJ., concur.