**Rafael RODRIGUEZ, Petitioner–Appellant,**

v.

**Floyd BENNETT, Superintendent, Elmira Correctional Facility, Respondent–Appellee.**

Docket No. 02–2063.

United States Court of Appeals, Second Circuit.

Submitted: April 4, 2002.

Decided: Sept. 11, 2002.

Before: NEWMAN, KEARSE, and LEVAL, Circuit Judges.

LEVAL, Circuit Judge.

This is an appeal from an order of the United States District Court for the Southern District of New York (Mukasey, *Chief Judge*), dismissing as untimely a petition under 28 U.S.C. § 2254 to set aside a New York State conviction. The district court ruled that § 2244(d)(2) did not toll the period when petitioner's prior petition under § 2254 was pending. Petitioner moves for a certificate of appealability ("COA"). We remand for consideration whether Rodriguez is entitled to equitable tolling.

## BACKGROUND

Petitioner Rafael Rodriguez was convicted in October 1992 of murder in the second degree and attempted murder in the second degree after a jury trial in New York State Supreme Court, New York County. On direct appeal, Rodriguez argued that at trial the prosecutor made prejudicial statements in his summation. On April 11, 1996, the Supreme Court, Appellate Division, affirmed the conviction, *see People v. Rodriguez*, 226 A.D.2d 177, 641 N.Y.S.2d 532 (1st Dep't 1996); leave to appeal to the Court of Appeals was denied on May 28, 1996. *See People v. Rodriguez*, 88 N.Y.2d 884, 645 N.Y.S.2d 459, 668 N.E.2d 430 (1996).

On April 14, 1997, Rodriguez filed a petition for a writ of habeas corpus ("Petition I") under 28 U.S.C. § 2254 in the United States District Court for the Southern District of New York. The petition alleged that Rodriguez (1) was denied a fair trial on account of the prosecutor's prejudicial summation; (2) was denied effective assistance of trial counsel because his attorney had not objected to the prosecutor's comments; and (3) was denied a fair trial because one of the prosecution's witnesses had committed perjury.

The state moved to dismiss the petition under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), because it contained unexhausted claims. In response, Rodriguez requested to withdraw his petition without prejudice while he exhausted state remedies. He also asked that the district court not dismiss the petition, if doing so would result in a time bar to his refiling. On September 10, 1997, Magistrate Judge Michael Dolinger recommended that Rodriguez's withdrawal request be granted and that the petition be

dismissed. A week later, Rodriguez retracted his request for withdrawal of the petition on account of a concern that he would be unable to commence state exhaustion proceedings within the time remaining in AEDPA's limitations period. He therefore asked that the district court rule on the merits of his petition.

The petition remained pending before the district court until May 21, 1999, when Rodriguez made another request to withdraw his petition to exhaust state remedies. The district court dismissed the petition on June 21, 1999, without prejudice to refiling after exhaustion.

While the habeas petition was still pending in federal court, Rodriguez applied on April 27, 1999, for a writ of error *coram nobis* to the Appellate Division, First Department, alleging, *inter alia,* that his appellate counsel had been ineffective in failing to raise a claim that certain identification testimony should have been suppressed as the fruit of an illegal search and arrest. On September 16, 1999, the Appellate Division denied the application. In the meantime, as noted, the federal petition had been dismissed. On November 22, 1999, Rodriguez submitted another habeas petition ("Petition II") to the district court. This petition repeated the claim advanced in his first petition that he was denied a fair trial by the prosecutor's summation comments, and added claims of ineffective assistance of appellate counsel and error in the receipt of identification testimony that resulted from an unlawful search and arrest.

The People then moved to dismiss Petition II as time-barred. Following the recommendation of Magistrate Judge Kevin N. Fox, the district court initially found Rodriguez's petition to be timely. *Rodriguez v. Bennett,* 2001 WL 682446 (S.D.N.Y. June 18, 2001) ("*Rodriguez I*"). The court reasoned as follows: Rodriguez's conviction became final on August 26, 1996, ninety days after the New York Court of Appeals denied leave to appeal. AEDPA's statute of limitations, which allows one year from the date the conviction becomes final for the filing of a habeas petition, *see* 28 U.S.C. § 2244(d)(1)(A), thus commenced running on August 26, 1996. Relying on our decision in *Walker v. Artuz,* 208 F.3d 357 (2d Cir.2000), to the effect that AEDPA's tolling provision, 28 U.S.C. § 2244(d)(2), called for tolling during the pendency of a prior federal collateral attack, the district court found that the limitation period was tolled during Rodriguez's first federal habeas petition, filed on April 14, 1997 and dismissed on June 21, 1999. The limitations period continued to be tolled during the pendency of Rodriguez's *coram nobis* petition to the Appellate Division. The district court concluded that the clock began to run again on September 16, 1999, when Rodriguez's *coram nobis* petition was denied. Accordingly, the court found that as of the filing of Rodriguez's second petition on November 22, 1999, 68 days of the 1–year period remained.

On the same day as the district court's decision, however, the Supreme Court issued its decision in *Duncan v. Walker,* 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001), reversing *Walker v. Artuz,* and holding that the tolling mandated by § 2244(d)(2) applies only to State, and not to federal, petitions for collateral relief. The district court accordingly revised its ruling and determined that no tolling was permitted by reason of Rodriguez's first federal petition. *See Rodriguez v. Bennett,* 2001 WL 940569 (S.D.N.Y. Aug.20, 2001) ("*Rodriguez II*") ("[T]he filing of a federal habeas petition that is later dismissed or withdrawn does not toll the one-year limitations period of § 2244(d)(1).") The court found that the 1–year clock continued to run from the filing of the first habeas petition on April 14, 1997 to April 27, 1999, when Rodriguez filed his state

*coram nobis* petition, and that his 1–year limitation period expired long before Rodriguez filed the instant petition on November 22, 1999. The court accordingly dismissed the petition.

The district court subsequently denied Rodriguez a Certificate of Appealability under 28 U.S.C. § 2253.

## DISCUSSION

■ The district court was entirely correct in ruling that 28 U.S.C. § 2244(d)(2) does not toll the period during which Rodriguez's prior federal habeas petition was pending. That statute commands that in counting the 1–year period of limitation specified by § 2244(d)(1) for petitions filed under § 2254, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted." 28 U.S.C. § 2244(d)(2). In *Walker v. Artuz*, we had understood "other collateral review" to encompass a federal habeas petition under § 2254. The district court initially followed our ruling and accordingly determined that the period of pendency of Rodriguez's first federal habeas petition was tolled by § 2244(d)(2), making his second application timely. The Supreme Court, however, made clear that the phrase "State post-conviction or other collateral review" was intended by Congress to encompass only applications for State remedies. *Duncan v. Walker*, 533 U.S. 167, 181–82, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). The district court, of course, then reconsidered its ruling and correctly held that § 2244(d)(2) did not mandate the exclusion of the time of pendency of the federal petition. Accordingly, more than a year of time not excluded by § 2244(d)(2) had passed. The district court believed this required the dismissal of the petition.

■ However, the fact that § 2244(d)(2) does not cause exclusion of the federal petition's time of pendency does not necessarily exclude the possibility of discretionary tolling on equitable grounds. Even though a petition is not entitled to the automatic tolling mandated by § 2244(d)(2), under appropriate circumstances the petitioner may be entitled to equitable tolling. The Supreme Court's *Duncan v. Walker* ruling, while clarifying that a federal petition is not tolled under § 2244(d)(2), did not address the availability of equitable tolling under appropriate circumstances. Justice Stevens in his concurring opinion made explicitly clear that the "Court's narrow holding" relating to the scope of § 2244(d)(2) would not "preclude[ ] a federal court from deeming the limitations period tolled for such a petition as a matter of equity. The Court's opinion does not address a federal court's ability to toll the limitations period apart from § 2244(d)(2)." *Duncan*, 533 U.S. at 183, 121 S.Ct. 2120.

The pertinence of Justice Stevens's observations is manifest if we consider a simple set of hypothetical facts. Assume a petitioner who, exercising great diligence, brings a federal habeas petition under § 2254 within one month of his state conviction becoming final. Six months later, the state moves to dismiss the petition, contending that it is unexhausted. Petitioner answers in two months, arguing that he has exhausted state remedies. Four months later (a year after the institution of the action), the court decides that the claim should be considered unexhausted, and dismisses, without prejudice to petitioner's refiling after having exhausted state remedies.[1] Assume then that petitioner expeditiously exhausts state reme-

---

1. The hypothetical assumption that the petition remains *sub judice* for a year is by no means unrealistic. Justice Breyer noted in

his dissenting opinion in *Duncan* that district courts on average take 268 days to dismiss petitions on procedural grounds, and that

dies and immediately thereafter refiles his federal petition. Unless equitable tolling is available for the time the petition was pending in federal court, such a petitioner who acted with maximum expedition would nonetheless be time-barred. As of the moment the federal court dismissed pending exhaustion without prejudice to refiling, it would already be clear that the "without prejudice" provision was an illusion; petitioner could never succeed in timely refiling the petition because he would already be time-barred.[2] This led Justice Stevens to observe that "a federal court might well conclude that tolling is appropriate based on the reasonable belief that Congress could not have intended to bar federal habeas review for petitioners who invoke the court's jurisdiction within the 1–year interval prescribed by AEDPA." *Duncan,* 533 U.S. at 183, 121 S.Ct. 2120.

■ While Rodriguez's case is not on all fours with the hypothetical facts outlined above, it bears a substantial resemblance, at least as to the claim based on the prosecutor's summation. That claim was timely filed in Petition I (and appears furthermore to have been exhausted at that time).[3] From the time of the district court's dismissal of Petition I without prej-

udice to refiling, to the filing of Petition II reasserting that same claim; almost all of the time was unquestionably excluded under § 2244(d)(2) by pendency of his state collateral proceedings. If the pending period of Petition I is not equitably tolled, then petitioner's claim was already fatally time-barred at the time the district court dismissed Petition I without prejudice to refiling. We note that had the district court followed the procedure we later counseled in *Zarvela,* staying Petition I pending exhaustion rather than dismissing it, that claim would still be before the court under a timely filing. *See Zarvela,* 254 F.3d at 381.

Because a district court is better positioned than a court of appeals to take evidence, ask questions of counsel, and make assessments of entitlement to equitable tolling, we will leave it to the district court to determine whether, and to what extent, Rodriguez should benefit from equitable tolling for any of his claims. *See generally Smaldone v. Senkowski,* 273 F.3d 133, 138 (2d Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 1606, 152 L.Ed.2d 621 (2002); *Smith v. McGinnis,* 208 F.3d 13, 17–18 (2d Cir.), *cert. denied,* 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000). We vacate the district court's judgment of dismissal.[4]

---

10% of petitions remain pending before the district for over two years. *See Duncan,* 533 U.S. at 186, 121 S.Ct. 2120 (Breyer, *J.,* dissenting).

2. Consideration of such a scenario led us to observe in *Zarvela v. Artuz,* 254 F.3d 374 (2d Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 506, 151 L.Ed.2d 415 (2001), that a district court that intends to defer ruling until after exhaustion should stay, rather than dismiss, the petition pending exhaustion.

3. Petitioner had argued the same claim in his direct appeal. The Appellate Division rejected the claim on the grounds that petitioner was barred from raising the claim because he had not preserved it by objecting at trial. *See People v. Rodriguez,* 641 N.Y.S.2d 532 (1st

Dep't 1996). Accordingly, after leave to appeal to the Court of Appeals was denied, it appears petitioner had no further opportunity to raise the claim under the law of New York State. Under 28 U.S.C. § 2254(c), a claim that may no longer be raised under State law is exhausted.

4. Although we are taking this action in the absence of opposition papers from the State (which normally are not filed in response to an application for a COA), the State will have a full opportunity in the District Court to present its views as to whether equitable tolling is warranted. Our remand does not determine at this time appellant's entitlement to a COA, and the determinations required by *Slack v. McDaniel,* 529 U.S. 473, 484–85, 120

## CONCLUSION

Vacated and remanded for consideration of equitable tolling.

S.Ct. 1595, 146 L.Ed.2d 542 (2000), before a COA may be granted after a habeas petition is dismissed on procedural grounds are therefore inapplicable.