**Foster WILLIAMS, Petitioner,**

**v.**

**Glenn S. GOORD, Commissioner New York State Dept. of Corrections, Respondent.**

**No. 02 Civ. 5736(VM).**

United States District Court, S.D. New York.

Aug. 13, 2003.

---

Foster Williams, Coxsackie, NY, Pro se.

Beth Janet Thomas, Asst. Attorney Gen., Office of the Attorney General of the State of New York, New York City, for Respondent.

## DECISION AND AMENDED ORDER

MARRERO, District Judge.

On July 23, 2002, pro se petitioner Foster Williams ("Williams"), who is presently incarcerated at the Clinton Correctional Facility in the State of New York, filed a Petition For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 dated May 23, 2002 ("the Petition") arising out of his conviction in New York State Supreme Court, New York County, of rape in the first degree, sodomy in the first degree, and endangering the welfare of a child in violation of the laws of New York State. Williams raises, as bases for his application, violations of various rights afforded him by the United States Constitution, including that: (1) his guilt was not proven beyond a reasonable doubt; (2) the trial court erred in not suppressing statements made by Williams while in police custody; (3) trial counsel provided ineffective assistance; and (4) appellate counsel provided ineffective assistance. Respondent Glenn S. Goord, the Commissioner of the New York State Department of Corrections, ("Goord" or the "State") opposes Williams's application. In an Order dated July 31, 2003 the Court denied the Petition and indicated that the its findings, conclusions, and reasoning would be set forth in a separate decision. Accordingly, for the reasons described below the Petition is DENIED.

## I. BACKGROUND [1]

On November 21, 1995 Williams was convicted by a jury in New York State Supreme Court, New York County, of rape in the first degree in violation of New York Penal Law ("NYPL") § 130.35(3), three counts of sodomy in the first degree in violation of NYPL § 130.50(3), and endangering the welfare of a child in violation of NYPL § 260.10(1). Williams was sentenced to concurrent terms of imprisonment of seven to twenty-one years on each of the rape and sodomy counts, and to a term of imprisonment of one year on the remaining count.

The evidence presented at Williams's trial established, as reflected by the jury's verdict, that on June 19, 1994, in his home at 954 St. Nicholas Avenue in Manhattan, Williams raped and sodomized an eight year old girl and afterwards forced the child to smoke crack-cocaine by putting a crack pipe in her mouth. Prior to trial, Williams moved to suppress statements that he made to police officers during an interview at the police station and a line-up conducted after the interview. On October 11–12, 1995, a *Huntley/Wade* [2] hearing was

---

**1.** The factual recitation presented above derives primarily from William's Petition and accompanying attachments, and from the State's Declaration In Opposition dated January 6, 2003 ("State Decl.") and accompanying attachments. Additional citations to the record appear as necessary.

**2.** This hearing addressed the admissibility of William's statements and identification evidence gathered by the police. *See People v. Huntley*, 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179, 181 (1965); *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

conducted before the New York State Supreme Court, New York County, after which the State court denied Williams's suppression motions.

The crux of the State's case against Williams at trial was the testimony of the victim. The State also presented the testimony of the victim's foster mother, to whom the victim had initially described the rape, and the testimony of a medical expert who had examined the victim. The expert testified that the victim's hymen was torn and that there was thinning of the victim's posterior fourchette, a structure unique to younger children which thins out once an individual has had sexual intercourse. The State, however, chose not to introduce the statements that Williams made to the police that had been the subject of his unsuccessful suppression motion.

In October 1998, Williams appealed his conviction to the New York State Supreme Court, Appellate Division, First Department (the "Appellate Division"), which affirmed Williams's conviction. *See People v. Williams*, 257 A.D.2d 425, 682 N.Y.S.2d 581, 581 (App. Div. 1st Dep't 1999). Williams argued that: (1) his guilt was not proved beyond a reasonable doubt because of purported inconsistencies in the victim's testimony; and (2) the trial court erred in not suppressing the statement that Williams made to the police. (*See* Brief for Defendant B Appellant ("Defendant's Appellate Brief") (undated) at 15–24 (attached as Ex. A to State Decl.).) The Appellate Division found that the evidence presented at trial was legally sufficient and declined to disturb the jury's determination that the victim's testimony was credible. The court also found that Williams's suppression claim was not properly before it as a matter of law because the prosecution did not offer the underlying statement

at trial. *See Williams*, 682 N.Y.S.2d at 581.

By letter dated January 19, 1999, Williams's appellate counsel sought leave to appeal this decision to the New York Court of Appeals. (*See* Letter dated January 19, 1999 ("Leave Application") (attached as Ex. D to State Decl.).) Williams's appellate counsel attached the parties' Appellate Division briefs and the decision of the Appellate Division to his letter, but he did not particularize what issues he was raising to the Court of Appeals. *See id.* On May 19, 1999, the Court of Appeals issued a certificate denying Williams's application for leave to appeal. *See People v. Williams*, 93 N.Y.2d 930, 693 N.Y.S.2d 514, 715 N.E.2d 517 (1999).

On February 8, 2000 Williams filed a motion to vacate the judgment pursuant to New York Criminal Procedure Law ("NYCPL") § 440.10, alleging, on several theories, that his trial counsel had provided constitutionally ineffective representation. Specifically, Williams claimed that his trial counsel was ineffective for: (1) not objecting when the trial court reserved decision on the motion he made at the close of the State's case for a trial order of dismissal; (2) failing to support his motion for a trial order of dismissal with citations to specific deficiencies in the State's proof as well as relevant case law; (3) failing to conduct a pre-trial investigation into the victim's initial examination by two doctors, which Williams alleges may have resulted in the victim's hymen being accidentally ripped and the posterior fourchette being flattened; (4) failing to obtain Williams's work schedule for the week that the crime was committed to determine if Williams may have been at work on the day of the assault; (5) failing to have testimony concerning his drug use excluded. (*See* Motion to Vacate Judgment dated February

8, 2000 ("Motion To Vacate") (attached as Ex. E to State Decl.).)

On March 2, 2001, the New York State Supreme Court, New York County, denied Williams's motion under NYCPL § 440.10. The court ruled that the "motion is unsupported by any other affidavit or evidence. The grounds alleged are based on material contained in the record and could have been raised on appeal." (*See* Decision and Order dated March 2, 2001 ("Section 440.10 Decision And Order") (attached as Ex. H to State Decl.).)

By motion dated April 19, 2001, Williams applied for leave to appeal this denial of his NYCPL § 440.10 motion to the Appellate Division. (*See* Affidavit in Support of Application for Certificate Granting Leave to Appeal dated April 19, 2001 (attached as Ex. I to State Decl.).) On June 21, 2001 the Appellate Division denied Williams leave to appeal. (*See* Certificate Denying Leave dated June 21, 2001 (attached as Ex. K to State Decl.).)

On September 10, 2001, Williams filed a petition for a writ of error *coram nobis* in the Appellate Division, alleging that his appellate counsel provided constitutionally ineffective assistance. (*See* Notice of Petition for a Writ of Error *coram nobis* dated September 10, 2001 ("*Coram Nobis* Petition") (attached as Ex. L to State Decl.).) Williams argued that his appellate counsel was ineffective because he failed to argue on appeal the claim that trial counsel was ineffective and the claim that the victim's testimony was not credible as a matter of law. In addition, Williams criticized his appellate counsel for failing to particularize the issues for review in his application for leave to appeal his conviction to the New York Court of Appeals. *See id.* at 5. Williams's *Coram Nobis* Petition was denied on May 16, 2002. *See People v. Williams,* 294 A.D.2d 965, 744 N.Y.S.2d 755, 755 (1st Dep't 2002).

On June 4, 2002 Williams filed his Petition for a writ of habeas corpus with this Court.

## II. *DISCUSSION*

### A. *STANDARD OF REVIEW*

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Williams's Petition is governed by 28 U.S.C. § 2254 which provides, in relevant part, that

> an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim .... resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States....

28 U.S.C. § 2254(d)(1).

As the Second Circuit has observed, "[t]he AEDPA 'placed a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus,'" namely, a deferential standard of review, but only "with respect to claims adjudicated on the merits in state court." *Jenkins v. Artuz,* 294 F.3d 284, 291 (2d Cir.2002) (quoting *Williams v. Taylor,* 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389, (2000)). Otherwise, the pre-AEDPA de novo standard of review applies. *See Washington v. Schriver,* 255 F.3d 45, 55 (2d Cir.2001).

■ Moreover, a federal court may only examine a petition for a writ of habeas corpus if the petitioner has first "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *see Picard v. Connor,* 404 U.S. 270, 275, 92

S.Ct. 509, 30 L.Ed.2d 438 (1971); *Caballero v. Keane,* 42 F.3d 738, 740 (2d Cir.1994); *Daye v. Attorney Gen. of New York,* 696 F.2d 186, 190 (2d Cir.1982). To satisfy § 2254's exhaustion requirement, a habeas petitioner must have "fairly presented" the claims that are raised in the habeas petition in state court by presenting both the factual and legal premises of his claims to the highest court of the pertinent state. *See Picard,* 404 U.S. at 275, 92 S.Ct. 509; *Duncan v. Henry,* 513 U.S. 364, 365–66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); *Strogov v. Attorney Gen. of New York,* 191 F.3d 188, 191 (2d Cir.1999), *cert. denied,* 530 U.S. 1264, 120 S.Ct. 2723, 147 L.Ed.2d 987 (2000); *Gonzalez v. Sullivan,* 934 F.2d 419, 422 (2d Cir.1991).

■ In addition, federal habeas review of a claim is not available where the question has been decided by a state court and the state court's decision "rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman,* 501 U.S. at 729, 111 S.Ct. 2546; *accord Lambrix v. Singletary,* 520 U.S. 518, 522–23, 117 S.Ct. 1517, 137 L.Ed.2d 771 (1997); *see Jones v. Vacco,* 126 F.3d 408, 415 (2d Cir.1997).

Finally, prior to the passage of AEDPA, a federal district court was required to dismiss a habeas petition if it contained both exhausted and unexhausted claims. *See Turner v. Artuz,* 262 F.3d 118, 122 (2d Cir.2001) (citing *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)). However, the Court now has the option of denying unexhausted claims and addressing those that are properly before it. *See id.*

B. *SUFFICIENCY OF THE EVIDENCE AND WILLIAMS'S MOTION TO SUPPRESS*

■ Williams claims that the evidence presented by the State at trial was insufficient to support his conviction, and that the trial court erred in not suppressing his statements to the police. He initially raised these issues in his direct appeal to the Appellate Division. (*See* Defendant's Appellate Brief at 15–24.) As discussed above, a federal district court may only examine claims raised in a petition for a writ of habeas corpus if the petitioner has first "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *see Picard,* 404 U.S. at 275, 92 S.Ct. 509; *Caballero,* 42 F.3d at 740; *Daye,* 696 F.2d at 190. Specifically, a habeas petitioner must have "fairly presented" the claims that are raised in the habeas petition in state court by presenting both the factual and legal premises of his claims to the highest court of the state. *See Picard,* 404 U.S. at 275, 92 S.Ct. 509; *Duncan,* 513 U.S. at 365–66, 115 S.Ct. 887; *Strogov,* 191 F.3d at 191; *Gonzalez,* 934 F.2d at 422.

The State argues that Williams did not "fairly present" to the New York Court of Appeals his claims that his conviction is not supported by sufficient evidence and that the trial court erred in not suppressing his statements to the police. Consequently, according to the State, Williams did not fulfill the exhaustion requirement. (*See* State Br. at 15–16.) While Williams did present these claims to the Appellate Division, his application for leave to appeal to the Court of Appeals did not identify the claims for which he sought review as required by N.Y. Court Rule § 500.10(a). Instead, his attorney merely mentioned in his letter to the Court of Appeals that he had attached the Appellate Division briefs. (*See* Leave Application at 1.)

The mere inclusion of appellate briefs in an application for leave to appeal to the Court of Appeals, without more, does not "fairly present" a petitioner's constitutional claims to that court for exhaustion pur-

poses. *See Grey v. Hoke,* 933 F.2d 117, 121 (2d Cir.1991). In *Grey,* the petitioner identified one claim in his leave to appeal letter to the New York Court of Appeals and also attached his Appellate Division briefs, which raised three issues including the one specified in the appeal letter. *See id.* The Second Circuit held that the claims raised in the briefs were not exhausted, except for the one claim that was raised in the appeal letter. *See id.* at 120. The Second Circuit reasoned that the New York Court of Appeals was not alerted that all of the claims in the briefs were being raised and refused to presume that the New York Court of Appeals has a duty to " 'look for a needle in a paper haystack.' " *Id.* at 120 (quoting *Mele v. Fitchburg Dist. Ct.,* 850 F.2d 817, 822 (1st Cir. 1988)); *accord Jordan v. Lefevre,* 206 F.3d 196, 198–199 (2d Cir.2000). ("Counsel may not transfer to the state courts the duty to comb through an applicant's appellate brief to seek and find arguments not expressly pointed out in the application for leave.").

In *Ramirez v. Attorney Gen.,* 280 F.3d 87 (2d Cir.2001), the Second Circuit stated: "[r]eferences to attached briefs without more will preserve issues only if the Court of Appeals is *clearly informed* that the reference is asserting issues in those briefs as bases for granting leave to appeal." *Ramirez,* 280 F.3d at 97 (emphasis added). Had appellate counsel actually asked the New York Court of Appeals to review the specific claims contained in the briefs, the exhaustion requirement would have been satisfied. *See id.; Morgan v. Bennett,* 204 F.3d 360, 369–71, (2d Cir.2000), *cert. denied,* 531 U.S. 819, 819, 121 S.Ct. 59, 148 L.Ed.2d 26 (2000). However, Williams's appellate counsel failed to specify to the New York Court of Appeals which of the issues contained in Williams's twenty-five page appellate brief were being asserted as bases for his appeal. Furthermore,

Williams is presently barred from making any additional leave application because his Leave Application has already been denied by the New York Court of Appeals. *See Bossett v. Walker,* 41 F.3d 825, 829 (2d Cir.1994), *cert. denied,* 514 U.S. 1054, 115 S.Ct. 1436, 131 L.Ed.2d 316 (1995); N.Y. Court Rule § 500.10(a) (only one application available for leave to appeal to New York Court of Appeals).

■ When a petitioner fails to "fairly present" his claim to each level of the state courts to which he is entitled to seek relief and is subsequently barred from presenting the claims to the highest court of the state, the petitioner's claims are not properly exhausted for purposes of federal habeas review. *See Coleman,* 501 U.S. at 731–32, 735 n. 1; *Reyes v. Keane,* 118 F.3d 136, 139–140 (2d Cir.1997); *Bossett,* 41 F.3d at 828–29; *Grey,* 933 F.2d at 120–21. The specificity requirement of N.Y. Court Rule § 500.10(a) represents a procedural bar that "provides an independent and adequate state-law ground for conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim." *Gray v. Netherland,* 518 U.S. 152, 162, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *Carmona v. U.S. Bureau of Prisons,* 243 F.3d 629, 633 (2d Cir.2001).

■ When a claim is procedurally barred in this way, a petitioner cannot obtain federal habeas corpus review of the merits of the claim "unless the habeas petitioner can show cause for the default and prejudice attributable thereto, or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." *Harris v. Reed,* 489 U.S. 255, 262, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) (citations omitted; internal quotations omitted); *Wainwright v. Sykes,* 433 U.S. 72, 84–85, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Bossett,* 41 F.3d at 829; *Wash-*

*ington v. James,* 996 F.2d 1442, 1447 (2d Cir.1993).

■ The only explanation offered by Williams for this failure to exhaust the available state remedies is that his appellate counsel failed to make a proper application for leave to appeal to the New York Court of Appeals. The attorney's conduct, however, does not constitute cause in this context because Williams had no federal constitutional right to counsel for his discretionary appeal to the Court of Appeals. *See Coleman,* 501 U.S. at 752, 111 S.Ct. 2546.

■ In *Coleman,* the defendant had been convicted in state court of rape and murder and was sentenced to death. *See id.* at 727, 111 S.Ct. 2546. After his conviction was affirmed on direct appeal, the defendant filed a state habeas corpus petition, raising several new federal constitutional claims, which was denied on the merits. *See id.* The defendant then filed a notice of appeal with the intermediate state appellate court that was dismissed because it was filed three days after the filing deadline had passed. *See id.* In his federal habeas petition, the defendant attempted to excuse the failure to exhaust his state remedies on the ground that his attorney's error in filing after the deadline had passed was "cause for his default." *Id.* at 752, 111 S.Ct. 2546. The Supreme Court rejected this argument and held that "counsel's ineffectiveness will constitute cause only if it is an independent constitutional violation." *Id.* at 755, 111 S.Ct. 2546. Because there is "no constitutional right to an attorney in state post-conviction proceedings," the defendant's

attorney could not be "constitutionally" ineffective. *Id.* at 752, 111 S.Ct. 2546. As a result, the claims in the habeas petition were barred from habeas review. *See id.* at 757, 111 S.Ct. 2546.

Here, as in *Coleman,* there is no constitutional right to assistance of counsel with respect to the act that Williams's attorney was called on to perform, namely, to file a discretionary appeal. *See Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *accord Ross v. Moffitt,* 417 U.S. 600, 610–11, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). As a result, the failure of Williams's attorney to properly seek leave to appeal to the New York Court of Appeals does not establish cause to excuse Williams's failure to exhaust his remedies under state law.

■ Furthermore, in order to demonstrate a fundamental miscarriage of justice that would excuse a procedural default, Williams must show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *see Reyes v. Keane,* 118 F.3d 136, 138 (2d Cir.1997). Here, there is nothing in Williams's papers that compellingly demonstrates to this Court any such result.

■ In sum, because Williams has failed to demonstrate cause or a fundamental miscarriage of justice to excuse his procedural default, his claims that his conviction is not supported by sufficient evidence and that the trial court erred in not suppressing his statements to the police are unexhausted and must therefore be dismissed.[3]

---

3. Moreover, even if Williams's claim that the trial court erred by not suppressing the statements he made to police were not procedurally barred, review of this claim by this Court would be independently precluded by *Stone v. Powell,* 428 U.S. 465, 481–82, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). Under *Stone,* a petitioner's Fourth Amendment claim is barred from habeas review if that claim was adjudicated by the trial court and reviewed by a state appellate court, *Id.; see Graham v. Costello,* 299 F.3d 129, 133 (2d Cir.2002). Here,

## C. PRE–TRIAL INVESTIGATION

■ Williams sets forth two grounds as bases for his claim that his trial counsel was ineffective, specifically, that his trial counsel failed to: (1) conduct adequate pre-trial investigation into the victim's initial examination by two doctors who Williams alleges may have accidentally ripped the victim's hymen and flattened the victim's posterior fourchette; and (2) obtain Williams's work schedule for the week that the crime was committed to determine if he was at work on the day of the offense. Williams initially raised these issues to the State Supreme Court in his motion to vacate the judgment against him pursuant to NYCPL § 440.10. (*See* Motion To Vacate at 40, 43.)

As discussed above, a federal habeas court cannot review a claim in which the underlying issue has been decided by a state court and the state court's decision "rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman*, 501 U.S. at 729, 111 S.Ct. 2546; *accord Lambrix*, 520 U.S. at 522–23, 117 S.Ct. 1517; *see Jones*, 126 F.3d at 415.

To determine whether a state court decision relies on an "independent" basis, "such reliance on state law must be clear from the face of the opinion." *Fama v. Commissioner of Corr. Servs.*, 235 F.3d 804, 809 (2d Cir.2000) (citations omitted; internal quotations omitted). To be deemed "adequate," the state law decision must be based on a rule that is "firmly established and regularly followed" by the state in question. *Garcia v. Lewis*, 188 F.3d 71, 77 (2d Cir.1999) (quoting *Ford v. Georgia*, 498 U.S. 411, 423–24, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991)).

Here, the state court's decision denying Williams's Motion To Vacate was "independent" because its reliance on state law is apparent from the face of the opinion. The court ruled that Williams's claims in his NYCPL § 440.10 motion regarding the effectiveness of his trial counsel were procedurally defaulted because Williams failed to raise the claims on direct appeal. (*See* Section 440.10 Decision And Order.) The Appellate Division thereafter, without comment, denied leave to appeal the trial court's denial of his § 440.10 motion. (*See* Certificate Denying Leave at 1.)

When a state appellate court affirms the denial of a claim without comment, this Court must look to the last "reasoned" state court opinion to determine and presume the state appellate court's reasoning. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) ("[W]here the last reasoned opinion on the claim explicitly imposed a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits."); *Hayes v. Coombe*, 142 F.3d 517, 519 (2d Cir.1998). Therefore, because the last "reasoned" opinion to address Williams's claim regarding his trial counsel's effectiveness held that the claim was procedurally barred, the Appellate Division's decision likewise rests on a ground independent of the federal constitutional issue.

Moreover, the type of procedural default at issue here is an "adequate" state law ground for rejecting a claim under the definition set forth above. The Second Circuit and this Court have previously held that the denial of a § 440.10 motion for failure to raise a claim on direct appeal

Williams's Fourth Amendment claim was heard and denied by the trial court. (*see* Trial Transcript ("Tr.") at 306–308), and then reviewed and denied by the Appellate Division,

*see Williams*, 682 N.Y.S.2d at 581. As a result, the claim is barred from habeas review on this basis as well.

represents the application of a "firmly established and regularly followed" New York rule. *See Arce v. Smith*, 889 F.2d 1271, 1273 (2d Cir.1989); *Trottie v. Mantello*, No. 98 Civ. 5581, 1999 WL 187202, at *4 (S.D.N.Y. April 6, 1999).[4]

■ Because the state court's decision rejecting Williams's claim regarding his trial counsel's effectiveness rested on an independent and adequate state law ground, Williams's claim is procedurally barred. As discussed previously, however, Williams can overcome a procedural bar only by showing cause and prejudice resulting from that error, or by demonstrating that dismissing the claim will result in a fundamental miscarriage of justice. *See Harris*, 489 U.S. at 262, 109 S.Ct. 1038; *Wainwright*, 433 U.S. at 84–85, 97 S.Ct. 2497; *Bossett*, 41 F.3d at 829; *Washington*, 996 F.2d at 1447. Here, Williams alleges that his appellate counsel's failure to raise his trial counsel's ineffectiveness as an issue on direct appeal constitutes cause to excuse his failure to raise his claims of ineffective assistance of trial counsel on direct appeal. In other words, Williams blames his appellate counsel for the mistake.

■ The Supreme Court has held that "[a]ttorney error that constitutes ineffective assistance of counsel is cause . . ." that will excuse a petitioner's procedural bar and attendant failure to exhaust state remedies. *Coleman*, 501 U.S. at 753–54, 111 S.Ct. 2546. As a result, it is necessary to determine whether Williams's appellate counsel was ineffective for failing to raise on direct appeal the issue of trial counsel's ineffectiveness. This determination is made by applying the two-prong test for ineffective assistance of counsel outlined by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under that test, Williams must establish both that his counsel's representation was deficient and that his counsel's errors influenced the outcome of the proceeding. *See id.* While *Strickland* dealt with ineffective assistance of trial counsel, this same test also applies to claims of ineffective assistance of appellate counsel. *See Evitts v. Lucey*, 469 U.S. 387, 396–97, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir.1994).

■ When examining this issue, the Second Circuit has explained that "actions or omissions that 'might be considered sound trial strategy' do not constitute ineffective assistance" of counsel. *United States v. Berkovich*, 168 F.3d 64, 67 (2d Cir.1999) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052). In particular, "the decision whether to call any witnesses on behalf of the defendant, and if so which witnesses to call is a tactical decision of the sort engaged in by defense attorneys in almost every trial." *United States v. Nersesian*, 824 F.2d 1294, 1321 (2d Cir. 1987); *see United States v. Eyman*, 313 F.3d 741, 743 (2d Cir.2002). Applying

---

**4.** In addition, even if the Appellate Division's decision rejecting Williams's claim regarding his trial counsel's effectiveness did not rest on an independent and adequate state law ground, this claim would be unexhausted and therefore barred from habeas review on an independent basis. The denial of a motion to vacate judgment pursuant to NYCPL § 440.10 is appealable to the New York Court of Appeals. *See* NYCPL § 450.70. Williams, however, did not appeal the Appellate Division's denial of his Motion To Vacate to the New York Court of Appeals. As discussed above, a petitioner for habeas relief must have "fairly presented" both the factual and legal premises of the claims raised in the habeas petition to the highest court of the pertinent state. *See Picard*, 404 U.S. at 275, 92 S.Ct. 509; *Duncan*, 513 U.S. at 365–66, 115 S.Ct. 887; *Strogov*, 191 F.3d at 191. Because Williams did not "fairly present" this claim to the New York Court of Appeals, this claim is barred from habeas review on this basis as well.

these principles to the case at bar, the Court concludes that Williams has failed to demonstrate that his appellate counsel's representation was deficient under *Strickland.*

First, Williams claims that his trial counsel was ineffective for failing to interview and call as witnesses medical doctors who had examined the victim and who Williams believes were responsible for tearing the victim's hymen and flattening her posterior fourchette. However, trial counsel's decision not to interview and call as witnesses these experts does not constitute ineffective assistance because the decision was part of counsel's trial strategy. Williams's trial counsel's defense was based on the theory that someone other than Williams had raped the victim and that the victim had subsequently displaced the identity of her attacker. (*See, e.g.,* Tr. at 483–86.) Calling these experts and eliciting testimony from them that the victim had not been raped at all would have been inconsistent with and undermined this strategy. As a result, trial counsel's decision not to interview or call as witnesses the doctors who had initially examined the victim does not constitute ineffective assistance of counsel. *See Berkovich,* 168 F.3d at 67; *Nersesian,* 824 F.2d at 1321; *Eyman,* 313 F.3d at 743.

Williams also claims that trial counsel was ineffective for failing to obtain Williams's work schedule for the week that the crime was committed to determine if he was at work on the day of the rape. However, a petitioner's "[b]ald assertion that counsel should have conducted more thorough pre-trial investigation fails to overcome the presumption that counsel acted reasonably." *Matura v. United States,* 875 F.Supp. 235, 237 (S.D.N.Y. 1995) (citing *Strickland,* 466 U.S. at 693, 104 S.Ct. 2052). To the contrary, a petitioner must demonstrate that if counsel had conducted the investigation in question, he might have discovered exculpatory evidence that would have altered the outcome of the trial. *See Stokes v. United States,* No. 00 Civ. 1867, 2001 WL 29997, at *8 (S.D.N.Y. Jan. 8, 2001); *Clark v. Garvin,* No. 99 Civ. 9075, 2000 WL 890272, at *5 (S.D.N.Y. June 30, 2000). Here, Williams does not present any evidence to demonstrate that he was at work on the day of the rape. As a result, he fails to show that his trial counsel would have come across exculpatory evidence if he had investigated this issue. Accordingly, the Court must reject Williams's claim that his trial counsel was ineffective for failing to obtain Williams's work schedule for the week of the rape.

Finally, Williams claims that his trial counsel was ineffective for focusing his efforts on attacking the prosecution's case and, consequently, neglecting to present an alternative to the State's theory that Williams raped the victim. This claim fails because it is clear from the trial record that trial counsel did in fact argue an alternative theory of the crime. Specifically, Williams's trial counsel argued that someone other than Williams raped the victim and that the victim had subsequently misidentified Williams as her attacker. (*See, e.g.,* Tr. 483–86.)

Because each of the arguments that Williams asserts should have raised by his appellate counsel as grounds for claiming ineffective assistance of trial counsel themselves fail to satisfy the *Strickland* standard, Williams's appellate counsel's failure to raise these claims on appeal likewise cannot reasonably be construed as deficient. Accordingly, Williams's failure to raise these arguments on appeal cannot be excused on the basis of ineffective assistance of appellate counsel. For these reasons, Williams's claims of ineffective assistance of trial counsel were not properly exhausted on direct appeal and therefore must be dismissed.

### D. APPELLATE COUNSEL'S FAILURE TO PARTICULARIZE ISSUES TO BE REVIEWED BY THE NEW YORK COURT OF APPEALS

Williams argues that his appellate counsel was ineffective for not particularizing issues to be reviewed by the New York Court of Appeals in his Leave Application. New York law provides for an appeal as of right to the Court of Appeals only in death penalty cases. *See* N.Y. Const. art. VI, § 3(b); NYCPL §§ 450.90, 460.20. In all other criminal cases, the Court of Appeals has discretionary authority to grant leave to appeal. *See id.* Furthermore, the Supreme Court has held that there is no constitutional right to a discretionary appeal. *See Ross,* 417 U.S. at 610–11, 94 S.Ct. 2437. As a result, even assuming that Williams's appellate counsel's representation was deficient for his failure to particularize issues for appellate review, that deficiency would not constitute ineffective assistance of counsel. *See Chalk v. Kuhlmann,* 311 F.3d 525, 528 (2d Cir. 2002). Therefore, Williams's claim that his appellate counsel was ineffective on this basis cannot constitute grounds for the relief he seeks. His claim of ineffective assistance of appellate counsel on this theory must therefore be dismissed.

### E. APPELLATE COUNSEL'S FAILURE TO ARGUE THAT TRIAL COUNSEL WAS INEFFECTIVE AND THAT THE VICTIM'S TESTIMONY WAS NOT CREDIBLE AS A MATTER OF LAW

Williams claims that his appellate counsel was ineffective for failing to raise on appeal trial counsel's ineffectiveness and, additionally, the argument that the victim's testimony was not credible as a matter of law.[5] Williams initially raised these claims in state court in his *Coram Nobis* Petition to the Appellate Division. Under New York law, the remedy for a claim of ineffective assistance of appellate counsel is a petition for a writ of error *coram nobis. See Garcia v. Keane,* 973 F.Supp. 364, 369 (S.D.N.Y.1997) (citing *Taylor v. Scully,* 674 F.Supp. 462, 463 (S.D.N.Y.1987)). The Appellate Division's denial of a writ of error *coram nobis* is not appealable to the New York Court of Appeals. *See id.* (citing *Levine v. Commissioner of Corr. Services,* 44 F.3d 121, 124 (2d Cir.1995)). As a result, claims of ineffective assistance of appellate counsel are deemed exhausted upon the filing and disposition of a petition for writ of error *coram nobis. See id.* at 369–70. Accordingly, the Court will address the present claims on the merits.

### 1. Standard of Review Under AEDPA

As discussed above, by establishing a deferential standard of review, "[t]he AEDPA 'placed a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus,' but only 'with respect to claims adjudicated on the merits in State court.'" *Jenkins,* 294 F.3d at 291 (quoting *Taylor,* 529 U.S. at 412, 120 S.Ct. 1495). Otherwise, the pre-AEDPA de novo standard of review applies. *See Washington,* 255 F.3d at 55. Consequently, in evaluating Williams's present claims of ineffective

---

**5.** In section II.C *supra,* the Court addressed Williams's claims of ineffective assistance of trial counsel, and also considered the effectiveness of his appellate counsel's representation to determine whether Williams had demonstrated cause and prejudice to excuse his failure to properly exhaust his claims regarding his trial counsel's effectiveness. Now, Williams reasserts the matter of the effectiveness of his appellate counsel's representation as itself a basis for habeas relief.

assistance of appellate counsel, the Court must first determine whether these claims were "adjudicated on the merits" by the Appellate Division. Williams's *Coram Nobis* Petition was denied by the Appellate Division in a one-sentence opinion that reads: "Writ of error *coram nobis* denied." *See Williams*, 744 N.Y.S.2d at 755. In *Sellan v. Kuhlman*, 261 F.3d 303 (2d Cir.2001), the Second Circuit examined the question of whether claims contained in a *coram nobis* petition that had been dismissed without explanation had been "adjudicated on the merits" for purposes of invoking the deferential standard established by AEDPA. *See id.* at 312.

While the Second Circuit indicated that it would prefer state judges to explicitly state whether claims are adjudicated on the merits in their opinions, it concluded that the AEDPA's deferential standard would apply even in the absence of such an explicit indication. *See id.* (noting that interpreting the absence of such a clear indication as an adjudication on the merits was most consistent with Congress's intent in passing the AEDPA). As a result, this Court interprets the Appellate Division's opinion as an adjudication of Williams's claim of ineffective assistance of appellate counsel on the merits, and the claim is therefore addressed by this Court under AEDPA's deferential standard of review.

2. *WILLIAMS'S CLAIM OF INEFFEC-TIVE ASSISTANCE OF APPEL-LATE COUNSEL UNDER AEDPA*

▮▮▮ Section 2254(d)(1) provides for relief in the form of a writ of habeas corpus when the state court proceedings "resulted in decision that was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States." This Court must, therefore, examine whether the Appellate Division's analysis was "contrary to" or an "unrea-

sonable application" of clearly established federal law. Under the "contrary to" clause,

> a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.

*Taylor*, 529 U.S. at 412–13, 120 S.Ct. 1495. Under the "unreasonable application" clause, the AEDPA requires a federal habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409, 120 S.Ct. 1495.

In the case at bar, the Appellate Division found that Williams's appellate counsel was not ineffective for failing to put forward the claims that Williams's trial counsel was ineffective and that the victim's testimony was not credible as a matter of law. As a result, the relevant clearly established federal law against which the State court's decision must be measured is the Supreme Court's two-prong test for ineffective assistance of counsel outlined in *Strickland*. As discussed in section II.C *supra*, Williams accordingly must show that his counsel's representation was deficient and that the deficiency influenced the outcome of the proceeding. *See Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.

In section II.C *supra*, the Court addressed Williams's claim that his trial counsel rendered ineffective assistance. In the process, the Court determined that Williams's claims of ineffective assistance of trial counsel were unexhausted and without merit and also found that Williams's assertion of ineffective assistance of appellate counsel lacked merit and, accordingly, did not excuse this failure to exhaust his claims regarding trial counsel. For the same reasons, the Court

concludes in the present context, as it did in section II.C *supra*, that the conclusions of the Appellate Division, rejecting Williams's claims of ineffective assistance of appellate counsel, are neither "contrary to" nor an "unreasonable application" of clearly established federal law as determined by the Supreme Court. Accordingly, Williams's application for relief on the basis of ineffective assistance of appellate counsel must be denied.

Finally, Williams's claim that his appellate counsel was ineffective for not arguing that the victim's testimony was not credible must fail because appellate counsel in fact did argue that exact point in his appeal on Williams's behalf. Appellate counsel claimed that there was insufficient evidence to support a conviction because the victim's inconsistent statements rendered her testimony unreliable. (*See* Defendant's Appellate Brief at 15–24.)

### III. *CONCLUSION AND ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the Order dated July 31, 2003 issued by the Court in this matter is amended to incorporate the discussion set forth above; and it is further

**ORDERED** that Foster Williams's petition for a writ of habeas corpus is DENIED.

The Clerk of Court is directed to close this case.

Because the petitioner has made no substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 111–13 (2d Cir.2000).

**SO ORDERED.**