William Jacob **HUST,** Petitioner,

v.

J. **COSTELLO,** Respondent.

No. 03–CV–2831 (ADS).

United States District Court,
E.D. New York.

Aug. 16, 2004.

William Jacob Hust, Rome, NY, Petitioner, pro se.

Thomas J. Spota, District Attorney of Suffolk County, by Assistant District Attorney Glenn Green, Riverhead, NY, for Respondent.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

William Jacob Hust ("Hust" or "Petitioner"), appearing *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. 2254. Hust contends that James H. Miller III, Esq., his appellate counsel, was constitutionally ineffective for refusing to present two issues that the Petitioner requested to be included in his direct appeal. For the reasons set forth below, the Court denies Hust's petition.

### BACKGROUND

It was alleged in the Hust indictment that, on July 20, 1999, in his house in Rocky Point, New York, William Hust sexually abused his two year old daughter Sarah, by sticking his middle finger in her anus twice. Hust, who claimed to have been sexually abused as a child, gave a written confession to law enforcement, admitting that, on the evening of the incident, he became angry with his daughter for twice soiling her diaper twice.

On February 10, 2000, after a non jury trial in the Supreme Court of Suffolk County (Michael Mullen, J.), Hust was convicted of Aggravated Sexual Abuse in the Second Degree, Assault in the Second Degree, and Endangering the Welfare of a Child, in violation of New York Penal Law §§ 130.67, 120.05, and 260.10, respectively. He was sentenced to seven years in prison for his aggravated sexual abuse conviction; five years for his assault conviction; and one year for his conviction for endangering the welfare of a child, all of which were to be served concurrently.

Hust directly appealed his convictions, arguing that: (1) his sentence was unduly harsh and excessive; and (2) the prosecution failed to prove his guilt beyond a reasonable doubt. On June 17, 2002, the Appellate Division, Second Department affirmed Hust's convictions, finding that both of his claims lacked merit. *People v. Hust*, 295 A.D.2d 536, 744 N.Y.S.2d 680 (2d Dept.2002). On July 31, 2002, the New York Court of Appeals denied leave to appeal. *People v. Hust*, 98 N.Y.2d 698, 747 N.Y.S.2d 416, 776 N.E.2d 5 (2002). Hust did not seek certiorari review before the United States Supreme Court or file any other post conviction motions.

On June 2, 2003, Hust filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254, arguing that he was denied his constitutional right to the effective assistance of appellate counsel by James H. Miller III Esq., because counsel refused "to place issues petitioner requested to be placed in the direct appeal." Pet. at 8. In particular, Hust asserts that, in addition to his excessive sentence and legal sufficiency claims, counsel should have included the following arguments: (1) the indictment was legally insufficient; (2) the prosecution improperly amended the indictment; and (3) Hust's confession was coerced. In support of his petition, Hust submits a letter dated April 23, 2002, which he sent to the Clerk of the Appellate

Division, Second Department, informing the Clerk of this situation and asking for the re-assignment of counsel.

In response to the petition, the District Attorney's Office, as attorney for the Respondent, argues that Hust's petition should be dismissed because Hust's sole claim is presently unexhausted and Hust has failed to pursue an available state court remedy, namely that of a writ of error coram nobis. The Court agrees.

### DISCUSSION

■ A federal district court should dismiss a state prisoner's habeas petition "if the prisoner has not exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), *but see* 28 U.S.C. 2254 (stating that a district court may now, in its discretion, deny on the merits a habeas corpus petition "notwithstanding the failure of the application to exhaust the remedies available in the courts of the state"). In this regard, "states should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman*, 501 U.S. at 731, 111 S.Ct. 2546. Therefore, a habeas petitioner must have previously presented to the state courts "both the factual and legal premises" of the claims for which he now seeks review in federal court. *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir.1982).

■ Under New York law, a petition for a writ of error coram nobis is the appropriate remedy for claims of ineffective assistance of appellate counsel. *Sweet v. Bennett*, 353 F.3d 135, 142 n. 7 (2d Cir.2003); *Williams v. Goord*, 277 F.Supp.2d 309, 321 (S.D.N.Y.2003). Because there is no time limit for bringing a coram nobis application, a state prisoner must have exhausted this state court remedy before seeking federal habeas review.

*Excell v. People of the State of New York*, No. 01–CV–3073 (JBW), 2003 WL 23185749 at *13 (E.D.N.Y. Oct. 30, 2003).

In this case, Hust raises a single claim, that of ineffective assistance of appellate counsel. He did not previously present this claim in the New York state courts, and, in particular, he failed to seek a writ of error coram nobis, the appropriate and available state court remedy for this claim. Therefore, Hust's claim is presently unexhausted for federal habeas review and this Court should dismiss his petition.

■ However, if the Court were to dismiss the instant petition and Hust returned to state court to exhaust his claim, Hust would be time-barred from bringing a subsequent habeas petition in this Court. Pursuant to the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the one-year statute of limitations for Hust to file his habeas petition commenced on October 30, 2002, which was ninety days after the New York Court of Appeals denied Hust leave to appeal his convictions. *See McKinney v. Artuz*, 326 F.3d 87, 96 (2d Cir.2003). Hust filed his habeas petition on June 2, 2003, which was within the limitations period. However, it is well-established that the filing of a federal habeas corpus petition does not toll the limitations period. *Duncan v. Walker*, 533 U.S. 167, 181–182, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). Therefore, it appears that the limitations period expired on October 30, 2003, while the instant petition was pending before this Court.

In *Rodriguez v. Bennett*, 303 F.3d 435, 438–439 (2d Cir.2002), the Second Circuit posed a hypothetical set of facts similar to those presently before the Court. The Second Circuit noted that dismissing a timely filed habeas petition "without prejudice" for failure to exhaust state court remedies would be an "illusion" where a

380

"petitioner could never succeed in timely re-filing the petition because he would already be time-barred." *Rodriguez*, 303 F.3d at 439. In such a situation, the Second Circuit noted that, under appropriate circumstances, a petitioner may be entitled to tolling as a matter of equity for a subsequently filed habeas petition.

■ In addition, the Court finds that a stay of Hust's petition is inappropriate here, because Hust's sole claim is unexhausted and hence, the Court lacks jurisdiction over the petition while the Petitioner pursues his claim in state court. *See Carpenter v. Reynolds*, 212 F.Supp.2d 94, 98 (E.D.N.Y.2002); *Baity v. McCary*, No. 02–CV–1817, 2002 WL 31433293 (S.D.N.Y. Oct. 31, 2002). Because there are no exhausted claims that could stay the petition, Hust's case is distinguishable from the Second Circuit's holding in *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir.), *cert. denied*, 534 U.S. 1015, 122 S.Ct. 506, 151 L.Ed.2d 415 (2001), which granted district courts the authority to stay a "mixed" petition while a petitioner exhausts his state court claims.

Moreover, the Court notes that, if district courts were to stay habeas petitions that were completely unexhausted in order to maintain their timeliness under the AEDPA, "federal court would be turned into a 'jurisdictional parking lot' for unexhausted claims." *Baity*, 2002 WL 31433293 at *2 (internal citations omitted). Such a holding would undermine the spirit of the Supreme Court's holdings in both *Coleman* and *Duncan*, which encourage habeas petitioners to exhaust their claims before coming to federal court. *Id.* at *1.

## CONCLUSION

Therefore, the Court denies Hust's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This holding does not preclude the Court from considering whether any subsequently filed habeas petition by Hust would be timely as a matter of equity.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c)(2), a certificate of appealability is denied, as Hust has not made a substantial showing of a denial of a constitutional right. *Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

The Clerk of the Court is directed to close this case.

**SO ORDERED.**